## McClure v. Johnson.

1. **Life Insurance**: PROCEEDS OF: WILL. The proceeds of a policy of
   life insurance which is payable to another than the insured do not con-
   stitute assets of his estate, and cannot be disposed of by him by will.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, OCTOBER 19.

THE plaintiff is the executor of Nathan Johnson, and brought
this action to recover of the defendant, who is the widow of
said Johnson, a sum of money paid to her by the "Freema-
son's Protective Association of Iowa, at Keokuk." The said
Johnson was a Freemason, and applied to said association
to become a member and upon being accepted he agreed to
"abide by all the rules and regulations adopted by the asso-
ciation or its official board." The association is of a benevo-
lent and charitable character. Its object being "to secure to
the families of deceased members * * such pecuniary
aid as may be provided" by the association "for the purpose
of assisting to defray the expenses of the funeral of such de-
ceased members, and for the relief of their families." Every
Freemason becoming a member was required to pay a stated
sum when he became such. The applicant was required to
state his name, age, residence and condition of his health in
his application. Upon the death of a member each surviving
member was required to pay to a named officer of the asso-
ciation one dollar and ten cents, and the association bound
itself to pay a sum equal to one dollar for every member at
the time of the death of a member "to the wife, husband, chil-
dren, mother, sister, father or brother of such deceased mem-
ber, and in the order above named."

In accordance with the foregoing, the association upon the
death of said Johnson paid the money in controversy to the
defendant. The said Johnson made a will which has been
duly admitted to probate. It provides: "I direct that the.

mortgage on my hotel property in Fairfield, Iowa, be paid out of the proceeds of an insurance policy of $600 in the Masonic Protective Association at Keokuk, Iowa, which I hold and which is payable to me." There was a trial to the court, judgment for the defendant, and plaintiff appeals.

*Slagle, Acheson & McCracken*, for appellant.

*Culbertson & Jones*, for appellee.

SEEVERS, J.—Upon becoming a member of the association Johnson contracted with it that any money which might be-

1. LIFE insurance : proceeds of : will. come due upon his death should be paid to the defendant for the purpose above stated. Upon the condition the money should be so paid the association obligated itself to pay. The contract was one of insurance and by its express terms the insurance was to be paid to the defendant if she was living at the time her husband died, and the money became payable. She alone could have maintained an action therefor. The estate of Johnson was not entitled to the money. The deceased had no interest in the money and therefore could not dispose of it by will. The statute provides: "The avails of any life insurance or other sum of money payable by any mutual aid or benevolent society upon the death of a member of such society are not subject to the debts of the deceased except by special contract or agreement, but shall in other respects be disposed of like other property left by the deceased." Code, § 2372. This statute, and also Code, § 1182, contemplate a case where the policy of insurance is payable to the deceased or his legal representative, and not where it is payable to another person for the use and benefit of such person. The case of *Kelly v. Mann, executor, post*, 625, is distinguishable. In that case the money received from the insurance company was assets belonging to the estate, and being such it was held under the statute it should be inventoried and disposed of according to law.

AFFIRMED.