WORLEY, Adm'r, etc., *v.* NORTHWESTERN MASONIC AID ASSOCIATION.

*(Circuit Court, D. Iowa.   1882.)*

1. CORPORATIONS FOR BENEVOLENT PURPOSES — CERTIFICATES PAYABLE TO DEVISEES—ADMINISTRATOR—ACTION BY.

   An administrator cannot maintain an action on a policy or certificate, issued by a corporation incorporated for benevolent purposes under the statute of Illinois, approved April 18, 1872, as amended by an act approved March 28, 1874, by which policy or certificate the corporation agreed to pay to the devisees of decedent a sum of money within 30 days after proof of his death.

The plaintiff, in his petition, states that Phillip H. Worley, deceased, died on or about the twenty-second of October, 1880, intestate, and that the plaintiff is the duly-appointed administrator of his estate; that the defendant is a corporation organized and existing under the laws of Illinois; that among the papers of decedent were two policies or certificates issued by the defendant, whereby the defendant agreed and contracted to pay to the devisees of said decedent, within 30 days after receiving evidence of said Worley's death, certain sums of money, to be arrived at and computed from the number of members in the division of which the decedent was constituted a member of said association by such certificate, at a sum certain for each member of the respective class in such division.

The plaintiff avers that he fully performed all covenants and conditions on his part; that satisfactory proofs were made to the company of the death of Phillip H. Worley; that the amount due in the aggregate upon the two certificates is the sum of $6,299.55; and that the defendant refuses to pay the plaintiff the amount due upon said policies or contracts.

The defendant, for answer, states that it is not a life insurance company, nor a corporation for pecuniary profit; that it is organized for benevolent purposes, solely under the provisions of the statute of Illinois, approved April 18, 1872, as amended by an act approved March 28, 1874, and providing for the organization of corporations, not for pecuniary profit, by three or more persons making, signing, or acknowledging, and filing in the office of the secretary of state, a certificate stating the name and the title by which said corporation or society or association shall be known in law, the particular business and objects for which it is formed, etc.; that the defendant has no capital stock, and that its sole object and purpose, as declared in the certificate, is to procure pecuniary aid to the widows, orphans, heirs, and devisees of the deceased members of said association; that by

said act under which the defendant was organized it is provided that "associations and societies which are intended to benefit the widows, orphans, heirs, and devisees of deceased members thereof, and where no annual dues and premiums are required, and where the members shall receive no money as profit or otherwise, shall not be deemed insurance companies," the business of insurance not being one for the carrying on of which corporations can, by the terms of said act, be organized; that the defendant is an association such as is described in the act of March 28, 1874, no annual dues or premiums being paid or required to be paid by its members, and no money or profits paid or contemplated to be paid to them; that the benefits arising from membership in said association accrue solely to the widows, orphans, heirs, or devisees directly for their own sole benefit, and are not part of the estate of such deceased member, or payable to his administrator; that the benefits arising from the membership of said Phillip H. Worley in said association, as shown by the certificate set forth in the petition, are payable to his devisees and not to other persons; and that said plaintiff, as administrator of the estate of said Phillip H. Worley, is not entitled to receive the same. Defendant avers that it has no knowledge or information sufficient to form a belief whether said Phillip H. Worley died intestate, and submits that the grant of letters of administration on his estate to the plaintiff would not bind the devisees or legatees of the last will of said deceased, if such will should be proved to exist, nor would a payment to plaintiff, as administrator, protect the defendant from liability to such devisees or legatees, if any such should prove to be.

The plaintiff demurs to the defendant's answer, and the case is before us upon the demurrer.

*E. F. Richman,* for plaintiff.

*Putnam & Rogers* and *W. J. Culver,* for defendant.

LOVE, D. J. This action, in both form and substance, proceeds upon a breach of contract. The contract is contained in the certificates, copies of which are exhibited with the petition. The certificates provide that, for certain considerations therein mentioned flowing from Phillip H. Worley, deceased, the association promises and agrees to pay to the devisees of said decedent certain sums of money therein specified. In order to maintain the action the plaintiff must allege and show a breach of the contract. What breach has the plaintiff assigned? What breach can he assign? He has not alleged that the defendant association has failed, neglected, or refused to pay to the devisees of the decedent the sums of money in question. This

could not be alleged or shown, because the plaintiff has himself stated that there are no devisees in existence. The breach upon which the plaintiff must rely is the non-payment of the money to him as administrator of the decedent's estate. But is this a breach of the stipulations of the contract? The contract is not that the defendant company shall pay to the decedent in his life-time, or to the administrator of his estate at his death. The contract could not have made such a provision, since it would have been utterly repugnant to the whole purpose, scope, and design of the association, as provided in the very law of its existence. Would a contract by the defendant to pay money to the decedent during his life, or to the administrator of his estate at his death, have been valid under the second article of incorporation, providing that the business and object of the association is to secure pecuniary aid to the "widows or orphans, heirs and devisees of deceased members of the association?" In the present case the contract is by its express terms to pay to the devisees. Was it any breach of this contract not to pay to the administrator of the estate? Would it have been a breach to have refused payment to the widow, orphans, or heirs of the deceased?

The stipulation entered into by the members of this benevolent or charitable association was to pay money in certain proportions to the devisees of the decedent; that is, to such person or persons as he should appoint by his will to receive the money. It so happens that he died without appointing any beneficiary of his bounty. Is it any breach of the stipulation not to pay to the widow or the orphans or the heirs, or to the creditors of the decedent? Neither the decedent nor the defendant corporation intended by this contract to provide for the widow, heirs, orphans, or creditors of the decedent. The expression of one thing excludes other and different things. The designation of devisees in the contract excludes the other classes— the heirs, widow, orphans, and creditors. Who will undertake, without violence to the known meaning of words, to say that the word "devisees" in this contract can be construed to mean directly or indirectly the widow, or orphans, or creditors? But if the administrator shall receive the money due upon this contract it will go through his hands to one or all of these classes of beneficiaries. Indeed, I see no escape from the conclusion that if the administrator shall collect the money it must go primarily to the decedent's creditors. The only ground upon which the administrator can enforce payment is that the money belongs as assets to the decedent's estate. He surely cannot collect the money as representative of the widow, orphans, or heirs

at law, and for their exclusive benefit; since in making a contract for the payment of money to "devisees" the decedent clearly excluded the other classes for whose benefit alone he could have contracted according to the articles of incorporation. Since, then, the administrator must, if he collects the money at all, proceed upon the ground that it is assets of the estate, it is clear that the creditors must be first satisfied—a result manifestly inadmissible. No one, surely, will seriously contend that the creditors of the decedent are entitled to payment out of the fund in question.

Why the decedent did not by will appoint some beneficiary, some devisee, to receive his bounty under the contract in question we know not. He was himself a Mason, and a member of the benevolent association represented by the defendant corporation. He may, in making the contract, have had in contemplation some individual whom he purposed to make the object of his bounty, and he may have changed his mind with respect to the object of his intended bounty. He may have made up his mind that his associates should not be called upon to contribute the sums required to fulfil the contract which he had entered into with the corporation. At all events, he died without appointing by will any one to receive the money, and the only presumption we can indulge in is that he intended not to do what he omitted to perform. Can we presume without proof that he failed to appoint devisees, as contemplated by the contract, in consequence of carelessness or inadvertence? Is negligence to be presumed?

If B. stipulates with A., upon a consideration flowing from A., to pay money to C., how must A., suing B. upon the contract, assign the breach? Must he not allege the non-payment to C. as the breach of the contract? Would it not be a fatal variance to assign the non-payment to A. as the breach of the contract? And, A. dying, must not his administrator, suing at law to enforce the contract, allege the breach to be a non-payment of the money to C.? The contract providing that the money be paid to C., the administrator would certainly fail on the ground of variance if he assigned as a breach of the contract non-payment to any party other than C. So, in the present case, the administrator must assign his breach to be the non-payment to the decedent's devisees, as required by the contract.

To meet this difficulty the complainant's counsel suggested in the oral argument the analogy between a note payable to the order of the payee and the present case. Suppose the payee should die without making any order appointing the party to whom payment should be

made, would his administrator be precluded from maintaining his action upon the instrument? Certainly not; but the difficulty with this argument is that there is no real analogy between the two cases. A note payable to the order of the payee is to all intents and purposes, in legal effect, payable to the payee himself. The note becoming due, the payee may sue upon it in his own name, and recover judgment. He need not assign or indorse it, or in any other way order the note to be paid to any third person. But in the present case it was not the legal effect of the contract that the money was payable to the decedent in his life-time. He could have maintained no action at all upon it. What the very contract provided was that the money should, after his death, be paid to such persons as he should, by will, appoint to receive it. This was its legal effect, as evidenced by its express words; and the question is, can the administrator step in and enforce it contrary to its legal effect? Can he sue upon the contract, alleging it to be payable to any one except the decedent's devisees? And if he should recover the money, can he pay it out in distribution to any one but the devisees of the decedent?

Since the argument of this case at the bar, the question of the right of an administrator to sue in a case like the one now before us has been before the supreme court of Iowa in the case of *McClure* v. *Johnson*, 10 N. W. Rep. 217. In this case the supreme court decided that the money due upon such a policy does not belong to the estate of the decedent as assets; that the only person who has any interest in it, and who can sue for it, is the beneficiary; and that the executor can maintain no action, the estate not being entitled to the money. The court further holds that the Code, §§ 2372, 1182, "contemplates a case when the policy of insurance is payable to the deceased or his legal representative," and not when it is payable to another person for the use and benefit of such person. The court distinguishes this case from *Kelly* v. *Mann*, 10 N. W. Rep. 211. In that case, says the court, the money received from the insurance company was assets belonging to the estate, and being such it was held under the statute that it should be inventoried and disposed of according to law.

Suppose a devisee had been appointed by the decedent, would not payment to him be good? Would not his acquittance be a valid discharge of the obligation to the defendant? And in such case could the present administrator maintain an action upon the contract to recover the money from the devisee as assets belonging to the estate?

This was the very point decided in *McClure* v. *Johnson, supra.* It was there held that such an action could not be maintained because the money due was not assets belonging to the estate.

And so, in the case before us, the action cannot prevail because the administrator has no title to the contracts sued on, either by operation of law or by express terms of the instruments. If he had the legal title to the chose in action, and if its proceeds, when collected, were assets belonging to the estate, he could maintain a suit for the money in whosesoever hands found.

Demurrer to answer overruled.

McCRARY, C. J., concurs.