W. M. WARNER, ADMINISTRATOR OF THE ESTATE OF LEOAN
RICHARDSON, DECEASED, v. MODERN WOODMEN OF
AMERICA.

FILED JANUARY 21, 1903.   No. 12,529.

Commissioner's opinion, Department No. 2.

1. **Member of Fraternal Beneficial Society:** PROPERTY IN CER-
TIFICATE: TRUST IN FAVOR OF ESTATE OR CREDITORS. A member
of a fraternal beneficial society has no such interest or prop-
erty in the proceeds of a certificate therein, as will impress
such proceeds with a trust in favor of his estate or his creditors.

2. **Provision of Certificate:** WIDOW: HEIR: BLOOD RELATIVE:
FIANCEE: DEPENDENT: STATUTE: BY-LAWS: NON-EXISTENCE OF
BENEFICIARY: ESTATE: ADMINISTRATOR. Where a certificate in
such an association provides that payment thereof shall be
made only to the family, widow, heirs, blood relatives, affianced
wife or persons dependent upon the member, and the by-laws
of the association, as well as the statutes of the state under
which it is organized, contain the same provisions, the death of
such member, without the existence of any one who is entitled
to be made a beneficiary under his certificate, creates no inter-
est in his estate to the fund mentioned therein, and his ad-
ministrator can not recover against the association on such
certificate.

3. ——: HEIRS: EQUITABLE RIGHT: CREDITORS: TESTAMENTARY
BENEFICIARY: REVERSION TO SOCIETY. Where, under such cir-
cumstances, the certificate is payable to the legal heirs of the
member, and he dies, leaving no heirs, without designating any
other beneficiary, and it appears that there is no one in ex-
istence who could legally become such beneficiary, no equitable
rights accrue to either the creditors or the estate of the
deceased member, and the fund contemplated by the certificate
will revert to the society.

ERROR from the district court for Lancaster county.
Action by administrator upon a benefit certificate issued
by the defendant in error to plaintiff's intestate. De-
murrer by defendant. Tried below before FROST, J. Judg-
ment on demurrer. *Affirmed.*

*Ricketts & Ricketts,* for plaintiff in error.

*John G. Johnson, Adolphus R. Talbot* and *Thomas S.
Allen, contra.*

Syllabus by court; catch-words by editor.

BARNES, C.

On or before the 20th day of April, 1896, one Leoan Richardson became a member of the local camp of the Modern Woodmen of America situated at Maquon, Illinois, and on that day made application to said camp for a benefit certificate therein for the sum of $1,000. Upon the payment of the required charges and fees such certificate was issued and delivered to him; and the association, thereby, promised to pay said sum, on the death of the said Richardson, to his legal heirs, the beneficiaries named therein. Richardson, during his lifetime,. complied with all of the rules, conditions, regulations and by-laws of the association, and paid all dues and assessments made or demanded of him. On the 27th day of June, 1900, he departed this life in Seward county, in this state, leaving no last will and testament. He had never designated any change in the beneficiary under his said certificate; and after his death it was ascertained that he left no children, relatives, kindred, legal heirs or others sustaining such relation to him as would entitle them to become beneficiaries under the terms of the certificate and the by-laws of the association. Thereupon the plaintiff herein was appointed administrator of his estate, and commenced this action in the district court of Lancaster county upon said certificate to recover the amount due thereon as a part of said estate. It was alleged in the petition that the defendant is a corporation, duly organized under the fraternal insurance laws of the state of Illinois; that it has a large number of lodges organized in the state of Illinois, and other states; that the primary purpose and object of the principal organization is to issue benefit certificates to members of its several lodges in the nature of life benefit certificates of life insurance, payable on the death of the member to the beneficiaries named in the certificate; that the persons who may become beneficiaries, are defined in section 40 of the by-laws of said association as follows:

"Section 40. Benefit certificates shall be made payable

only to the family, widow, heirs, blood relatives, affianced wife, or persons dependent upon the member, and to such others whom the applicant shall designate in his application."

It was alleged that it was also provided in section 41 of the defendant's by-laws that the certificate holder may change the beneficiary designated in the original application, but that it confines the beneficiaries to those named in section 40 above quoted; that the beneficiaries named in section 40 are in substantial accord with the beneficiaries named in the fraternal insurance laws of the state of Illinois, under which the defendant is organized; and that the certificate contained the following recital:

"This certificate issued by the Modern Woodmen of America, a corporation organized and doing business under the laws of the state of Illinois, witnesseth: That Neighbor Leoan Richardson, a member of Maquon Camp, No. 3618, located at Maquon, Illinois, is, while in good standing in this fraternity, entitled to participate in its benefit fund, to an amount not to exceed $1,000, which shall be paid, at his death, to his legal heirs, related to him as heirs, and subject to all the conditions of this certificate and by-laws of this order, and liable to forfeiture if said member shall not comply with said conditions, laws, and such by-laws and rules as are, or may be, adopted by the head camp of this order from time to time, or the local camp of which he is a member."

The death of Richardson was properly alleged in the petition, the appointment of the plaintiff herein as administrator was set forth therein, and all of the facts necessary to constitute a cause of action, if one could be maintained by the plaintiff, were pleaded. And it was further alleged "that by reason of the premises there is a resulting trust in favor of the plaintiff as administrator of the intestate, and there is now due and owing this plaintiff, in his representative capacity, from the defendant on said benefit certificate, the sum of $1,000, together with interest thereon at the rate of seven per cent. per annum from the 1st day

of November, 1900," for which the plaintiff prayed judgment. To this petition the defendant filed a demurrer, based on the following grounds: First, the plaintiff has not legal capacity to sue; second, the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The trial court sustained the demurrer. The plaintiff elected to stand upon his petition, refused to further plead, and thereupon a judgment was rendered dismissing the plaintiff's action, and from that judgment the plaintiff prosecutes error to this court. This brings before us the single question as to whether or not the plaintiff, as administrator of the estate of the deceased, is entitled to maintain this action against the defendant herein to recover the sum alleged to be due upon the benefit certificate set forth in his petition.

Plaintiff in error bases his whole contention on the theory that by reason of the facts hereinbefore stated, a trust fund was created which he was entitled, in his representative capacity, to recover. His argument is, in substance, as follows: The defendant was the trustee of the fund which it is alleged was created by the benefit certificate; the deceased was the trustor, and his legal heirs were, by such certificate, made the beneficiaries or the *cestuis que trustent;* that, there being a failure of beneficiaries contemplated by the parties, he, as administrator of the estate of the trustor, would be entitled to recover the trust fund.

This contention can not be sustained, for several reasons. The purposes and objects of this beneficiary organization are vastly different from those of ordinary life insurance companies. The so-called old-line insurance companies, immediately on issuance of a policy, confer on the beneficiary a valuable right, which can not be divested without his consent. Such policies may be pledged or assigned by the beneficiary as security for the debts of the insured. These policies often by law have a marketable or cash-surrender value, making them a form or kind of

property. This is not the case with certificates in fraternal beneficiary societies. They are mere expectancies. The beneficiary has no vested rights in them, and the insured any time, at his option, may change the beneficiary, provided only he keeps within the limitation established by the rules of the society and complies with its laws respecting such change. These certificates have no cash-surrender value. The intestate had no property in the fund. The fund, in fact, was never his property. He had power of appointment, only, and such power did not create any property in him. The only interest he had in the association was his membership interest. *Fisher v. Donovan,* 57 Nebr., 361, 44 L. R. A., 383. The purpose of these certificates excludes the claim that there was any property interest therein in the insured member. *Fisher v. Donovan, supra; Northwestern Masonic Aid Ass'n v. Jones,* 154 Pa. St., 99, 26 Atl. Rep., 253; *Rollins v. McHatton,* 16 Colo., 203, 27 Pac. Rep., 254, 25 Am. St. Rep., 260; *Hellenberg v. Order of B'Nai Berith,* 94 N. Y., 580; Bacon, Benefit Societies, 237-241; *Eastman v. Provident Mutual Relief Ass'n,* 62 N. H., 555; *Keener v. Grand Lodge A. O. U. W.,* 38 Mo. App., 543; *Maryland Mutual Benefit Society v. Clendinen,* 44 Md., 429; 22 Am. Rep., 52; *Arthur v. Odd Fellows' Beneficial Ass'n,* 29 Ohio St., 557.

It follows that if Richardson had no property in the certificate in question, he had no right or interest therein upon which he could impress a trust; it became, upon his death, no part of his estate, and his administrator could have no right, title or interest therein. The defendant was organized to issue certificates of indemnity, calling for the payment of a certain sum, known and defined, in case of death, to the family, widow, heirs, blood relations, affianced wife, or persons dependent upon the member only. The by-laws of the defendant provide that "the objects of this fraternity are to promote true neighborly regard and fraternal love, and bestow substantial benefits upon the family, widow, heirs, blood relations, affianced wife, or persons dependent upon the member and such

others as may be permitted by the laws of the state of Illinois." These provisions are strictly in accordance with the statutes of that state under which the defendant association was organized. None of these designations include the administrator of the estate of the deceased member, his estate or his creditors. Section 94 of chapter 43 of the Compiled Statutes of this state (Annotated Statutes, sec. 6486) provides: "No fraternal society created or organized under the provisions of this act shall issue beneficiary certificates of membership to any person under the age of eighteen years, nor over the age of fifty-five years. Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, or to persons dependent upon the member." Not only will it be presumed that the statutes of Illinois are the same as the statutes of this state, but the petition shows that they are identical. It is therefore plain that if the deceased during his lifetime had changed the beneficiary so as to include either his estate, the administrator thereof, or his creditors, such designation, under the by-laws and rules of the association and the statutes of the state where it was organized, together with the statutes of this state where he departed this life, would have been absolutely void and would have conferred no rights whatever upon the persons designated therein. A person not of the class for whose benefit a mutual benefit association is organized, can not be a beneficiary. *Fisher v. Donovan, supra; Wolf v. District Grand Lodge,* 102 Mich., 23, 60 N. W. Rep., 445; *Britton v. Supreme Council,* 46 N. J. Eq., 102, 19 Am. St. Rep., 376, 18 Atl. Rep. 675; *National Mutual Aid Ass'n v. Gonser,* 43 Ohio St., 1, 1 N. E. Rep., 11; *Alexander v. Parker,* 144 Ill., 355, 33 N. E. Rep., 183, 19 L. R. A., 187; *Norwegian Old People's Home Society v. Willson,* 52 N. E. Rep. [Ill.], 41.

If Richardson during his lifetime could by no act of his confer the right to recover the amount named in the certificate upon his estate, the administrator thereof, or his creditors, it is plain that his death could in no manner

operate to create such a right. It appears on the face of the petition that at the time of his death, diligent search was made, and so far as could be ascertained, he had no legal heirs. We thus have a case where the situation is the same as though the death of the beneficiary had occurred before that of the insured, and no new beneficiary had been named by him. It is earnestly contended by the plaintiff that although the beneficiary was not in existence, still such fact would not defeat a recovery, and that as a matter of equity, the right to recover would be transferred to the administrator of the estate of the deceased member; and several cases are cited in support of this contention. A careful examination discloses that although in each of them the death of the beneficiary had occurred, and the member had made no other designation, there was some one in existence who could have been made a beneficiary under the terms of the certificate, and the statutes under which the association was organized.

In the case of *Ryan v. Rothweiler*, 50 Ohio St., 595, 35 N. E. Rep., 679, the insurance company abandoned all claim to hold the proceeds of the certificate. The question as to the right of the administrator to take the proceeds was waived. There was but one question for the court to decide, and that was, which of the administrators had the better right to the fund? This question was finally decided by the application, to the contract, of the statute of the state, which was as follows: "But if there are no children upon the death of the wife, such policy shall revert to and become the property of the party whose life is insured, unless it has been transferred as hereinafter provided."*

In *Schmidt v. Northwestern Life Ass'n*, 83 N. W. Rep. [Ia.], 800, 51 L. R. A., 141, 84 Am. St. Rep., 323, the question before the court was who among the three claimants had the most equitable claim to the money. In that case the wife, who was named as the beneficiary, had murdered her husband, and was in the penitentiary for life. In the body of the opinion it was pointed out clearly that the statutes

* 2 Bates's Annotated Statutes, sec. 3629.

of Iowa prescribed certain rules from which beneficiaries in such certificates may be named, and it was held that where there was a failure of beneficiary, as was decreed therein, a resulting trust was created in favor of some one within the class named in the statutes; that while the administrator of the murdered member is entitled to recover, he can only hold the fund recovered as a trustee for claimants who might bring themselves within the class of beneficiaries named in the statutes. It can scarcely be contended that this case supports plaintiff's claim. The statutes, both of this state and of the state of Illinois, specify the classes from which may be selected the beneficiaries in such contracts as the one in suit, and thus exclude the estate, the administrator, and the creditors of the insured.

In *Rindge v. New England Mutual Aid Society,* 146 Mass., 286, the member had distinctly made a creditor his beneficiary, in violation of the statutes of the state and of the by-laws of the association. The court held that whereas the statutes of the state provided that the orphans of a member might be beneficiaries under such certificates, and the certificate itself provided that on the death of the named beneficiaries, prior to the death of the member, and the failure of the member to name other beneficiaries, the insurance should be for the benefit of the heirs of the member, that the administrator could maintain an action on the certificate for the benefit of the heirs.

In the case of *Shea v. Massachusetts Benefit Ass'n,* 160 Mass., 289, 39 Am. St. Rep., 475, it was held that where the named beneficiaries can not take the amount due, the certificate would be payable to claimants who might bring themselves within the classes of beneficiaries named in the by-laws, and as heirs were within such by-law provisions, an executrix might recover, but only for their benefit.

In *Burns v. Grand Lodge,* 26 N. E. Rep. [Mass.], 443, the original designation of the beneficiary was invalid. The constitution and by-laws of the defendant provided

that in case of death of all the beneficiaries the money should be paid to the heirs at law of the insured, and therefore it was held that an action could be maintained upon the certificate to recover the amount due thereon for such heirs.

It will thus be seen that in all cases where a recovery has been had under circumstances similar to those in the case at bar, there has been some one in existence who might have been designated as a beneficiary under the by-laws of the association and the statutes under which it was organized. According to the plaintiff's petition, the deceased designated in his benefit certificate that his legal heirs should be the beneficiaries; at the time of his death he was unmarried; and he left no children, relatives or kindred, or others sustaining such relation to him as would entitle them to become beneficiaries under the by laws of the defendant association. There being no one competent to become a beneficiary and the deceased having failed to execute the power of designation, there was a total lapse of the power. The certificate in this case was neither payable to the deceased, nor to any one, except as named by him. He had named his legal heirs as beneficiaries. It is not alleged in the petition that no persons were in existence who could have become Richardson's legal heirs at the time he made his designation and the certificate was issued; the allegation is that at the time of his death no such heirs could be found. It is not claimed that he named any other beneficiary, and why he did not do so, it is unnecessary to inquire. He may have intended that his associate members should not be called upon to contribute the sum required to fulfill the contract. As we have before stated, it could not go to the administrator, nor be subject to the payment of the debts of the member. Where there is a failure to designate a beneficiary, or there is a void designation, or the death of the beneficiary occurs before that of the insured, and no new beneficiary is named, the association is not liable; and if no disposition of the fund is provided for in the contract with the association, it

22

reverts to the society. *Hellenberg v. Order of B'Nai Berith,* 94 N, Y., 580; *McElwee v. New York Life Ins. Co.,* 47 Fed. Rep., 798; *Maryland Mutual Benefit Society v. Clendinen,* 44 Md., 429, 22 Am. Rep., 52; *Skillings v. Massachusetts Benefit Ass'n,* 15 N. E. Rep. [Mass.], 566; *Highland v. Highland,* 109 Ill., 366; *Daniels v. Pratt,* 143 Mass., 216, 221; *Eastman v. Provident Mutual Relief Ass'n,* 62 N. H., 555; *Swift v. San Francisco Stock & Exchange Board,* 67 Cal., 567, 569, 8 Pac. Rep., 94.

In the case of *National Mutual Aid Ass'n v. Gonser, supra,* where a certificate of membership was issued by an association organized under the statutes of the state of Ohio for the purposes of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of the deceased member, the petition failed to bring Gonser within the operation of the terms of the certificate, or the statutes under which the association was organized, and the certificate failed for want of a proper designation. It was held that the plaintiff could not recover, and the court would leave the parties to the contract where it found them.

We must not forget that, as a matter of fact, there was no trust fund actually in the hands of the association, with which to pay the certificate, at the time of Richardson's death. It is true that equity will presume that that is done which ought to be done, but this is an action at law to recover on a contract, and if a recovery is had at all, it must be authorized thereby, either by operation of law or by the express terms thereof. It is provided therein that after the death of the insured member, the fund to pay the beneficiary shall be raised by an assessment of the members of the association; that neither the estate of the deceased, his administrator, nor his creditors, have any interest in the contemplated fund; nor can any of them become the beneficiary under the contract, the laws of the state of Illinois, where the association was formed, or the laws of this state, where this action is pending. Therefore equitable principles can not be invoked to set

aside the contract rights of the parties, and authorize a recovery which is prohibited by law, as well as by the certificate itself.

For the foregoing reasons we hold that the plaintiff as administrator of Richardson's estate has no cause of action against the association on the certificate in question, and that the judgment of the trial court, sustaining the defendant's demurrer and dismissing the action, was right, and we therefore recommend that said judgment be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.