MARY PFEIFER, as Administratrix of HYNEK OPITZ, Deceased,
Appellant, *v.* THE SUPREME LODGE OF THE BOHEMIAN
SLAVONIAN BENEVOLENT SOCIETY OF UNITED STATES,
Respondent.

1. MUTUAL BENEVOLENT SOCIETY — ACTION BY ADMINISTRATRIX AS
QUASI TRUSTEE FOR BENEFICIARIES OF DEATH BENEFIT. The adminis-
tratrix of a deceased member of a mutual benevolent society who "is
entitled in case of his death to the receipt by his heirs" of a specified
fund, and she being one of the beneficiaries, may maintain an action to
recover the fund as a *quasi* trustee for those represented by the word
"heirs," which is not used in its strictly technical sense as representing
persons entitled to inherit real estate, but rather as indicating the next of
kin entitled to the fund.

2. PAYMENT TO ITS OWN TRUSTEE DOES NOT RELEASE SOCIETY FROM
LIABILITY. The payment by "The Supreme Lodge of the Bohemian
Slavonian Benevolent Society of the United States" of the amount of a
death benefit raised by assessment upon all its subordinate lodges, to a
trustee designated to receive it by the grand lodge of the state of New
York and a subordinate lodge of which the intestate was a member, does
not release it from liability to the proper beneficiaries in an action against

the society brought by his administratrix for their benefit to recover such amount.

3. When Issuance of Certificate Showing Member Entitled to Benefit Is Not a Condition Precedent to Recovery. The fact that the constitution of such society provides that an applicant for benefits "must state to whom the death benefit shall be paid in case of his death," does not require the issuance by the society of a certificate designating the beneficiary and showing that the member is entitled to the benefit, as a condition precedent to a recovery in such action, where he was a member prior to the adoption of such provision and another provision excepts "members of the order who are members entitled to the death benefit," thus excepting existing members from the operation of the former provision.

4. Admissions of Liability. A death notice sent to the defendant by the subordinate lodge of which the intestate was a member and by the grand lodge of the state of New York reciting that he had paid up to the time of his death all dues "and is, therefore, entitled to benefit in the sum of one thousand dollars," taken in connection with the fact that the defendant levied the assessment, raised the amount and transferred it to the selected trustee in the state of New York, constitutes a clear admission of the liability of the defendant in such an action.

*Pfeifer* v. *Sup. Lodge of Bohemian S. B. Society*, 74 App. Div. 630, reversed.

(See 37 Misc. Rep. 71.)

(Argued January 26, 1903; decided February 10, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 15, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Paul Jones* and *Francis J. Nekarda* for appellant. The contract, having been made for the benefit of no designated beneficiary, but inuring, by its terms, upon the death of a member, entitled to the death benefit, to "his heirs," the designation of a beneficiary is not a condition precedent to the plaintiff's right of recovery herein. (*Bishop* v. *Grand Lodge*, 112 N. Y. 627; *Wokal* v. *Belsky*, 53 App. Div. 167; *Elmer* v. *M. B. Ins. Co.*, 64 Hun, 639.) There is nothing

contained in the defendant's constitution and by-laws which imposed upon the plaintiff's intestate the duty of specifically designating a beneficiary as a condition precedent to her right to recover in this action, and the trial court erred in dismissing the complaint upon this ground. (*Kent* v. *Q. M. Co.,* 78 N. Y. 159; *Parish* v. *N. Y. P. Exch.,* 169 N. Y. 34; *Weiler* v. *E. A. Union,* 92 Hun, 277; *Roberts* v. *Cohen,* 60 App. Div. 259; *F. L. & T. Co.* v. *Aberle,* 19 App. Div. 79; *Moan* v. *Normile,* 37 App. Div. 614; *Ireland* v. *Ireland,* 42 Hun, 212; *Wokal* v. *Belsky,* 53 App. Div. 167; *Walsh* v. *M. L. Ins. Co.,* 133 N. Y. 408; *Bishop* v. *Grand Lodge,* 112 N. Y. 627.)

*Michael Schaap* and *Edward Hymes* for respondent. The deceased was not entitled to a death benefit, having failed to comply with the provision requiring him to execute or obtain a certificate designating a beneficiary. (*Hellenberg* v. *I. O. B. B.,* 94 N. Y. 580; *Eastman* v. *P. M. R. Assn.,* 62 N. H. 555; *K. M. M. Ins. Co.* v. *Miller,* 13 Bush, 494; *Worley* v. *N. W. M. A. Assn.,* 3 McCrary, 53; *Maguire* v. *Maguire,* 59 App. Div. 143; *Markey* v. *Supreme Council,* 70 App. Div. 4; *Kunkel* v. *W. S. & B. B. Fund,* 68 App. Div. 385; *Fink* v. *Fink,* 171 N. Y. 616.) If any one has a cause of action for the collection of this fund it is not this plaintiff (Opitz's administratrix) but his next of kin. (*Worley* v. *N. M. A. Assn.,* 10 Fed. Rep. 227.)

BARTLETT, J. There is no disputed question of fact. The defendant is a mutual benevolent society, having among other objects that of mutual aid of its members in sickness and in death. The provision in case of the death of a member is secured by a system of insurance for which provision is made in the constitution and by-laws.

It is stipulated that the intestate, Hynek Opitz, became a member of this order January 3d, 1880, and continued in that relation until his death June 28th, 1892, he then being forty-two years of age.

Notices of his death were sent to the supreme lodge, the defendant herein, by the subordinate lodge and the grand lodge of the state of New York, respectively, informing the defendant of Opitz's death; that after the receipt of these notices by the defendant it duly levied and apportioned an assessment among all its subordinate lodges for the purpose of raising one thousand dollars, death benefit; that this sum was raised and placed in the hands of a trustee designated to receive it by the grand lodge of the state of New York and the subordinate lodge of which the intestate was a member.

The Appellate Division affirmed, without opinion, the judgment of the Trial Term dismissing the complaint on the merits, adopting the opinion of the trial judge.

The grand lodge of the state of New York, when notifying the defendant of intestate's death, stated, among other things, that he was accepted in its lodge on the fourth day of January, 1880, and had paid up to the time of his death all dues, and was entitled to a benefit in the amount of one thousand dollars.  The subordinate lodge of which he was a member also made a like statement when giving notice of his death to the defendant.

The trial judge, after holding that this action was properly instituted as to parties, decided that the intestate clearly came within the general provisions of the constitution and by-laws, requiring, as a condition precedent, every one who desired benefits to apply for a certificate in which he must designate the person or beneficiary to whom the insurance was to be paid.

The counsel for the defendant further insists that in any event the collection of this insurance fund cannot be made by the intestate's administratrix, but the action should be brought by his next of kin.

In *Bishop* v. *G. L. E. O. of M. A.* (112 N. Y. 627) a very similar situation was presented.  In that case the action was brought by the widow, as administratrix of the intestate, who was entitled individually, with her two infant children, to the fund.  While the question was not technically raised in this

court as to the right of the plaintiff to maintain the action the court nevertheless decided it. The court there said : "It is true the fund does not come into her hands technically and strictly as assets of the estate of her intestate, nor is it to be liable for his debts. But the plaintiff, in her capacity as administratrix, represents both herself and those others who are entitled to receive the fund as its intended beneficiaries, for it comes to them by reason of the membership of the deceased, and the plaintiff is a *quasi* trustee for her children, and as administratrix represents them in this action."

So in the case before us, under the constitution (Article VI, subdivision (b) Benefits in case of death, § 1), it is provided: "That every member who has become entitled to the death benefit (before he has reached the age of forty-five years) in accordance with the provisions and rules of this division, and who complies with their requirements, is entitled in case of his death to the receipt *by his heirs* of one thousand dollars from this Order when the fact of his death has been ascertained by an official death certificate."

The plaintiff, as administratrix, is a *quasi* trustee for those who are represented by the word "heirs," which is not used in its strictly technical sense as representing persons entitled to inherit real estate, but rather as indicating the next of kin entitled to the fund.

The counsel for the defendant makes the further point that the supreme lodge of the United States sued in this action is not a proper party ; that having raised money by assessment from subordinate lodges and sent it to the trustee authorized to hold the same in the state of New York, its responsibility is at an end.

The learned trial judge, whose opinion was adopted by the Appellate Division, has considered in detail the provisions of the constitution and by-laws, and reached the conclusion that, reasonably interpreted in favor of the insured, the defendant rests under the obligation to see that the fund reaches the proper beneficiaries.

We agree with the opinion of the trial judge in this respect,

adopt its reasoning, and will not repeat it in detail at this time.

We are unable to agree, however, with the learned court below in its decision that the issuing of a certificate designating a beneficiary was a condition precedent to a recovery.

The appellant argues that as the intestate had been in contract relations with the defendant for about eleven years when the constitution and by-laws were adopted at the Iowa convention of 1891, the obligations of that contract could not be impaired by the subsequent enactments.

This is the undoubted rule of law, but as the respondent makes answer that the plaintiff has set up the existing constitution and by-laws in her complaint, we will rest our decision upon her rights thereunder.

We have already quoted from the constitution (Article VI, subdivision (b), Benefits in case of death, § 1) that "Every member who has become entitled to the death benefit (before he has reached the age of forty-five years), in accordance with the provisions and rules of this division, and who complies with their requirements, is entitled, in case of his death, to the receipt, by his heirs, of one thousand dollars from this Order, when the fact of his death has been ascertained by an official death certificate."

The defendant relies upon article VI, section 4, of the constitution, reading as follows: "Every one who desires to become entitled to these benefits must make a written application to his lodge and produce a physician's certificate, of the form provided by the Supreme Lodge, and must state to whom the death benefit shall be paid in case of his death. The lodge shall send such application to the secretary of the Supreme Lodge, who, if he finds the physician's certificate satisfactory, shall issue a certificate showing that the said member is entitled to the said benefit. This certificate shall be attested by the secretary and president of the Supreme Lodge. No member shall be considered entitled to this benefit until this certificate shall have been approved by the Supreme Lodge and properly attested."

From these provisions it is argued that the certificate indicating the beneficiary is a condition precedent to any right of action against the defendant in case of the death of a member.

The fallacy of this argument is shown by article VI, section 8, which reads: "To members of the Order who are members entitled to the death benefit, before the adoption and entrance into effect of the provisions of this article, the Supreme Lodge shall, without exception, issue certificates without expense. To that end all applications with the name of the heir must be made within sixty days after this constitution goes into effect."

We thus have existing members clearly excepted from the operation of section four.

It is true that section eight provides that applications, with the name of the heir, must be made by existing members within sixty days after the constitution goes into effect, but there is no penalty in case this is not done, while the earlier portion of the section imposes upon the supreme lodge the duty to issue the certificates without exception or expense.

It is also to be observed that the certificate to be issued by the supreme lodge is not required to contain the name of the heir, as the section strictly read requires that the application shall contain this information.

Further, it will be seen that section eight recites, " members entitled to the death benefit," showing that existing members, who had paid their dues and were in good and regular standing, were entitled to the benefits of this insurance.

The provisions of sections four and eight make clear the meaning of section one already quoted. That section evidently contains a provision intended to indicate the beneficiaries in a general way, who were to take in case the deceased member had made no designation. As we have already suggested, the word " heirs " is equivalent to next of kin in this connection.

The constitution and by-laws are inartificially drawn in many respects and require liberal judicial construction in favor of the insured.

The construction sought to be given by the defendant to the provisions of the constitution already quoted is exceedingly narrow and results in a forfeiture of vested rights, which the law does not favor.

The intestate had been a member of this order for upwards of twelve years at the time of his death; had regularly paid his dues and thereby assisted in paying death losses during that entire period.

The result reached by the construction of the defendant is unjust in the extreme, and can only be permitted by a court of law when the language admits of no other conclusion.

It seems quite impossible that it should have been the design of the drafters of this constitution that the mere clerical act of issuing a certificate to the insured was a condition precedent to the recovery of the death benefits by his next of kin.  If such a provision were presented in definite terms, it would be a mere trap for the heedless and ignorant and calculated to defeat the benign objects of this charitable order.

The officers of the defendant had but to inspect their books, or those of subordinate lodges, to acquaint themselves with the fact that possibly a very large number of members, who had been paying their dues and contributing to the death losses for years, had neglected to apply for a death certificate. Good faith, under these circumstances, would require that notices should be sent out to these members in default and acquaint them with the fact that their insurance was in peril, assuming that the designation of a beneficiary was a condition precedent to recovering the insurance.

We have already called attention to the fact that the death notice sent to the defendant by the subordinate lodge, of which the intestate was a member, and by the grand lodge of the state of New York, recited that the intestate had paid up to the time of his death all dues, "and is, therefore, entitled to benefit in the amount of one thousand dollars."

These recitations, taken in connection with the fact that the defendant levied the assessment, raised this amount of one thousand dollars and transferred it to the selected trustee

in the state of New York, are clear admissions that the next of kin of the intestate were entitled to recover.

The judgment appealed from should be reversed, with costs to the plaintiff in all courts to abide the event, and a new trial ordered.

HAIGHT, CULLEN and WERNER, JJ. (and GRAY, J., in result), concur; PARKER, Ch. J., and O'BRIEN, J., absent.

Judgment reversed, etc.