# DANIEL F. DEVANEY and Others v. ANCIENT ORDER OF HIBERNIANS LIFE INSURANCE FUND.[1]

June 27, 1913.

Nos. 17,982—(82).

**Mutual benefit insurance— death of beneficiary.**

1. The plaintiffs are brothers and sisters and the only heirs at law and next of kin of John A. Devaney who died May 3, 1909, having at the time a certificate of membership for $1,000 in the defendant insurance order, issued to him on September 29, 1899, in which his mother, who died a year prior to his death, was the beneficiary. No beneficiary was designated in her place. There is no showing that any provision was made by

[1] Reported in 142 N. W. 316.

by-law or constitution for the disposition of the fund in such a case. It is conceded by the record that the fund did not revert to the order, and that it did not go to the heirs of the beneficiary. Upon the state of facts recited, it is *held* that it went to the plaintiffs, who took as beneficiaries, and not by descent from their brother.

**Payment to special administrator did not discharge defendant's liability.**

2. A special administrator of Devaney was appointed on June 9, 1909, and on the same day the defendant order paid him the insurance money. It is *held* that he was not entitled to the money as administrator; that he was not a trustee for the plaintiffs, and that the payment to him by the defendant did not relieve it of liability to the plaintiffs.

**Estoppel — laches.**

3. The plaintiffs are not estopped, nor prevented by laches, from asserting that the payment to the administrator was unauthorized, though one of them petitioned for his appointment, and some of them knew that payment of the insurance was made to him, and though he paid funeral expenses out of the insurance, and though they did not object to the method in which the matter was conducted, and delayed asserting their claim against the order and in bringing suit.

**Additional party defendant unauthorized.**

4. The court joined the administrator as a party upon the ex parte application of the defendant order. It is *held* that this was not authorized by R. L. 1905, § 4069, providing for the bringing in of additional parties upon the application of a plaintiff, nor by § 4138, referring to impleading parties upon the application of a defendant, and the finding upon an issue between the defendants should be stricken, and the case be dismissed as to the administrator without prejudice.

Action in the district court for Ramsey county by the brother and sisters of John A. Devaney, deceased, to recover $1,000 upon defendant's benefit certificate upon his life. The answer set up the payment of the amount by defendant to John Heinen, as special administrator of the estate of decedent, who surrendered the benefit certificate and delivered his receipt as such administrator to defendant. John Heinen, as administrator, was brought in as an additional party defendant. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment in favor of plaintiffs for the amount demanded and dismissing the action as to the defendant administrator. From an order denying its motion to amend the findings and

conclusions of law, and to enter judgment in favor of defendant notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*John A. Burns,* for appellant.

*Kennedy & Kennedy, Albert Schaller* and *W. H. Gillitt,* for respondents.

DIBELL, C.

This action is brought by the plaintiffs to recover of the defendant Ancient Order of Hibernians Life Insurance Fund the sum of $1,000, the amount of a certificate of membership issued by it on the life of John A. Devaney, their brother. Upon the ex parte application of the defendant insurance order, John Heinen, administrator of the deceased, was joined as a defendant.

The case was tried to the court without a jury. The court made findings of fact and conclusions of law directing judgment against the insurance company for the sum of $1,000. The defendant insurance company appeals from the order of the court denying its motion for a new trial.

1. Devaney entered into his contract of insurance with the defendant order on September 29, 1899. His mother, Elizabeth Devaney, was the beneficiary. She died March 1, 1908. No change of beneficiary was made. The plaintiffs, his brothers and sisters, are his only heirs and next of kin.

The first inquiry relates to the disposition of this fund of $1,000. No claim is made that the fund should revert to the order nor that it should go to the heirs of the beneficiary. On the record, it stands conceded that it should go either to the heirs of the deceased, as beneficiaries, or that it should be a part of the estate, first for the creditors and last for the heirs.

The corporate existence of the defendant is alleged and admitted. The character of its organization is not admitted. A suggestion is made by counsel for the defendant that the character of the organization does not appear, and that the court cannot say that it is a fraternal organization. This is important only as an aid in determining the disposition of the fund. We think the order is a fraternal or

beneficial association. Though the articles of incorporation and constitution and by-laws are not in evidence, its fraternal character is sufficiently shown from the certificate, which is in the form of an ordinary benefit certificate, in connection with evidence that the order had a ritualistic form of work, a representative form of government, and that benefit funds were collected monthly.

We do not know whether the constitution and by-laws make provision for the disposition of the fund, upon the death of a member whose beneficiary has predeceased him. Usually such provision is found in the laws of fraternal organizations. The statute, R. L. 1905, § 1703, as amended by Laws 1907, p. 538, c. 382, provides, in the case of benevolent and fraternal associations, that "payments of death benefits shall be made only to the families, heirs, blood relatives, adopted children, fiancee, of the member, or persons dependent upon him, or whenever his certificate of membership may so provide, the executor or administrator of the estate of the member in trust for such person or persons above mentioned as may be designated in such certificate." This statute, which is much the same as Laws 1907, p. 470, c. 345, § 6, had its origin in Laws 1903, pp. 411, 526, cc. 276, 296. Devaney's certificate was issued in 1899. At that time there was no provision of like effect, though Laws 1877, p. 224, c. 128, contained a recognition that fraternal insurance is for beneficiaries and not for creditors. In Meyer v. Grand Lodge O. S. H. 108 Minn. 25, 121 N. W. 235, it was held that section 1703 did not apply to a change of beneficiaries made prior to the time it went into effect. In Grand Lodge v. McKinstry, 67 Mo. App. 82, it was held that when the certificate was prior to the statute, and the change of beneficiary after it, the rights of the beneficiary were governed by the statute. Reference is made to these statutes and cases merely as an aid to construction; and, for the same purpose, reference might be made to other statutes and cases showing a general policy to keep the proceeds of fraternal insurance free from the claims of creditors. We hold, in the absence of a designation of a beneficiary in place of the deceased one, and with the concession that there is no reversion to the order, and that the heirs of the deceased beneficiary do not take, and with no showing of what, if anything, the constitution

and by-laws provided, that the insurance money goes to the plaintiffs, who take as beneficiaries, and not by descent. The authorities cited in the next paragraph, upon another point, support in a general way the result we reach in this connection.

2. The defendant Heinen was appointed special administrator of the deceased on June 9, 1909. On the same day the defendant order paid him $1,000, and he receipted for it as special administrator, and afterwards apparently held it for the creditors, among whom was the bank of which he was an officer. The defendant order claims that by this payment it is released. Its contention is that it made the payment to the proper person, the special administrator, regardless of whether the creditors are finally entitled to it, or the heirs and next of kin to the exclusion of the creditors.

In Massachusetts and New York it has been held that the personal representative may sue, though the recovery is not for the estate. In Clarke v. Schwarzenberg, 162 Mass. 98, 38 N. E. 17, it was held that the executrix was entitled to the money in trust for the benefit of those entitled to be named as beneficiaries. In Pfeifer v. Supreme Lodge, 173 N. Y. 418, 66 N. E. 108, it was held that the administratrix of a deceased member who, by the terms of the policy, was "entitled in case of his death to the receipt by his heirs" of a fund, and who was herself one of the beneficiaries, might maintain an action to recover the fund as a quasi trustee for those represented by the word "heirs," which was held to mean next of kin. There are some differences between these cases and the one at bar, and perhaps they could in a way be distinguished, but we make no attempt.

We are unable to agree that the personal representative of the deceased is a trustee for the beneficiaries. The statute does not make him a trustee. He is not made a trustee by the insurance certificate. He is not a trustee by contract. The fund goes to the heirs of the deceased as beneficiaries and not by descent. The administrator is not entitled to it any more than he would have been entitled to it had the mother of the deceased survived him, or any more than if he had exercised the right to appoint another beneficiary in place of the deceased one. The fund does not go to the creditors whom

122 M.—15.

he represents. If he is trustee he can sue on the policy, and is the one who must sue. He is entitled to prosecute the suit and control the litigation and incur expense. The expense is not chargeable against the estate. He gives no bond to the beneficiaries. We do not understand how, in such a situation, the administrator becomes a trustee of the beneficiaries.

In Backdahl v. Grand Lodge, A. O. U. W. 46 Minn. 61, 48 N. W. 454, an action by the deceased's heirs at law upon a beneficiary certificate payable to his "legal heirs," it was held that the decree of distribution of the probate court was not evidence of heirship against the defendant. The theory was that such decree was binding as to the matters adjudicated, that is, the distribution of the estate, upon the parties to the proceeding, but was not evidence of the facts upon which it was based against a stranger. If that case was correctly decided, it is in support of the argument that the administrator takes nothing and is not a trustee. The following cases, in a general way, support the view we take: Warner v. Modern Woodmen, 67 Neb. 233, 93 N. W. 397, 61 L.R.A. 603, 108 Am. St. 634, 2 Ann. Cas. 660; McClure v. Johnson, 56 Iowa, 620, 10 N. W. 217; Rollins v. McHatton, 16 Colo. 203, 27 Pac. 254, 25 Am. St. 260; Eastman v. Provident Assn. 62 N. H. 555; Worley v. Northwestern Masonic Aid Assn. 10 Fed. 227; Silvers v. Michigan, 94 Mich. 39, 53 N. W. 935. The cases of Jewell v. Grand Lodge, A. O. U. W. 41 Minn. 405, 43 N. W. 88, and Brown v. Balfour, 46 Minn. 68, 48 N. W. 604, 12 L.R.A. 373, are in harmony.

The defendant urges against our holding that it ought not to be required to pay the insurance money twice. The answer is that until now it has not been required to pay it at all.

It is urged that a hardship is put upon the order by requiring it to determine, at its peril, who the real beneficiaries are. This is not a very real peril. It is one to which the insurance company has been subjected in the cases cited from Minnesota and elsewhere. If a peril of moment, it could be guarded against by a direct agreement, or by a provision in the constitution or by-laws. Chapter 382, p. 537, Laws 1907, provides that the certificate may provide for payment to "the executor or administrator of the estate of the

member in trust for such person * * * as may be designated in such certificate."

We hold that the payment to the special administrator does not relieve the defendant order from liability to the beneficiaries.

3. The claim is made that the plaintiffs are estopped, or prevented by laches, from claiming that Heinen was not authorized to receive the insurance money. One of them petitioned for his appointment as administrator. Two or three of them knew that he was getting the money. It does not appear that the others did. Out of the money he paid the funeral expenses, and some of the plaintiffs knew of it; but he received more money from the estate than was needed for this purpose. We see no substantial ground for invoking an estoppel. The heirs perhaps thought that Heinen was entitled to collect the money and would pay it to them. They made no immediate claim against the order. They delayed bringing suit. They made no objection to what was being done. Likely they had no very definite notion as to their legal rights or as to the prudent course of procedure. It will not do to require beneficiaries under a fraternal certificate, placed as the plaintiffs were, to interpret correctly the legal situation between themselves, the insurance order, and the administrator, at the peril of losing the insurance money if they mistake it.

4. John Heinen was made a defendant on the ex parte application of the defendant order. It is suggested that this was done under R. L. 1905, § 4069. This section refers to bringing in parties upon the motion of the plaintiff, and it has no application. Neither can the order making him a party be supported under section 4138 relative to interpleading, where a defendant sued by one claiming a fund may require another claiming the same fund to interplead, and upon paying the fund into court may be discharged, leaving the parties interested to litigate over the fund. Such was the case of Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32. That case has no bearing on this. Here the defendant has paid the fund to the administrator. It cannot pay it into court and make it the subject of litigation, and it cannot ask that it be permitted to bring the administrator in as a party and subject him to a recovery, which the

plaintiffs do not ask and may not want, and thus relieve itself. There was no ground, by statute or otherwise, for joining Heinen.

Heinen answered the complaint and the answer of the defendant company, as he was required to do by the ex parte order. When the case came to trial he protested, and protests upon this appeal, that he was not properly joined. In this he is correct. The court reserved its rulings on the various objections and motions of Heinen in support of his contention. The record does not show that rulings were made. No finding should have been made by the trial court on any issue between the defendant order and Heinen. He should have been dismissed from the case without prejudice. Having protested throughout that he should not be bound as a party, he cannot now complain, if the question of his liability is left to future litigation.

When the case is remanded, the trial court should strike out its eighth finding relative to the voluntary character of the payment by the order to Heinen, and should amend its conclusions of law so as to direct that the action be dismissed as to Heinen without prejudice to any right of action that may exist in favor of the defendant order against him. It is directed to do so.

Order affirmed.