MARY DOHERTY, executrix, *vs.* A. O. H. WIDOWS' AND ORPHANS' FUND.

Suffolk.   January 16, 1900. — June 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Beneficiary Association — Substitution of Second Certificate for First — Invalid Designation — Right of Executrix to Sue.*

The substitution of the second certificate for the first issued by a benefit association being effective as between the member and the corporation, an invalid designation in the second has no different effect from what it would have had in the first, and an action may be maintained on the second certificate by the executrix of the member.

CONTRACT, by the executrix of the will of Felix Gallagher, to recover upon a certificate of membership issued upon his life by the defendant. Trial in the Superior Court, before *Hopkins,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*G. W. Anderson,* for the plaintiff.

*J. W. Corcoran & W. B. Sullivan,* for the defendant.

MORTON, J.   There were two certificates issued in this case, the first bearing date November 12, 1895, and the second, June

15, 1897.   Both were issued to Felix Gallagher, and were in all respects the same except in regard to the dates and the names of the beneficiaries.   In the first, Rose Gallagher, a sister of Felix, was named as the beneficiary.   She died, and at the request of Felix that certificate was taken back by the defendant and another was issued in which Michael J. Quinn was named as beneficiary, Gallagher paying the fee required by the change. The declaration is upon the second certificate, and the action was originally brought in the name of Quinn.   It appeared at the trial, however, that Quinn was not a relative or dependent of Felix Gallagher, and the writ was amended by striking out the name Quinn and inserting that of Mary Doherty, executrix of the will of Felix Gallagher.   Each certificate bound the defendant to pay, in sixty days after due proof of the death of Felix Gallagher, to the beneficiary " if living, if not, to the heirs at law of said member in sixty days after due proof of the death of said member, a sum equal to the amount received from one death assessment not to exceed one thousand dollars."   There was evidence tending to show that due proof was made of Felix Gallagher's death, and that a death assessment exceeded $1,000. The court directed a verdict for the defendant, and the case is here on the plaintiff's exceptions.

If Michael J. Quinn had been designated as the beneficiary in the first certificate, and no other certificate had been issued, it is clear that the invalid designation would not have affected the right of the executrix to recover.   *Elsey* v. *Odd Fellows' Mutual Relief Association,* 142 Mass. 224.   *Rindge* v. *New England Mutual Aid Association,* 146 Mass. 286.   *Burns* v. *Ancient Order of United Workmen,* 153 Mass. 173.   *Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289.   And if the second certificate was effectually substituted for the first, we do not see why an invalid designation in that should have any different effect from what it would have had in the other.   The question then is whether there has been an effectual substitution.   It was assumed in *United Order of the Golden Cross* v. *Merrick,* 163 Mass. 374, that in case of an effectual substitution an action would lie upon the later certificate.   It is not necessary, we think, that in order to entitle a party to recover upon a later certificate it should appear that the substitution was effec-

tual for all purposes. It is sufficient if it appears that it was effectual in respect to the right that is asserted. A substitution may be effectual as between the member and the corporation or association that would be ineffectual as between beneficiaries. In the present case the action is brought by the executrix of the member. There is no question between beneficiaries involved. The designation contained in the certificate being invalid, the certificate is to be taken as if it contained no designation whatever; in other words, as an agreement to pay the heirs at law of the member, in sixty days after due proof of his death, a sum equal to the amount received from one death assessment not exceeding $1,000. The certificate did not create a new obligation. It was issued in respect to the same obligation as that in respect to which the first was issued. And as between Felix Gallagher and the defendant we do not see why there was not an effectual substitution of the second certificate for the first.

We think, therefore, that the exceptions should be sustained.

*So ordered.*