HARRY P. COLBURN, ADMINISTRATOR, APPEAL FROM
PROBATE.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and GEORGE W.
WHEELER, Js.

Under a paid-up policy of life insurance providing that, if it be as-
signed, written notice shall be given to the company, it is not nec-
essary that a written instrument of assignment should be delivered
either to the company or to the assignee, if written notice of the
assignment is given to the insurer, and the assignee, upon being
informed of the transfer by the assignor, accepts the benefit.

Such an assignment was made in Massachusetts in 1870 for a valuable
consideration by a husband directly to his wife, both being domi-
ciled in that State. *Held* that the assignment was sufficient, under
a Massachusetts statute then in force, to transfer to the wife the
entire legal and beneficial interest in the policy, although neither
assignment nor policy was delivered to her.

An acceptance of a beneficial act is implied from failure to dissent.

A gift can be constituted only by an executed contract; that is, a con-
tract executed by delivery of possession and an acceptance by or
for the donee.

Where an instrument is executed in duplicate, each is an original, and,
if one be delivered, its effect is not lessened because the other has
not been.

The only intention on the part of an assignor which can be regarded,
is that expressed in his written assignment.

An assignment by a man to his wife of a policy of life insurance in his
favor issued by a New York company was delivered to the company
in New York. *Held* that whether this invested her with the legal
title, depended on the laws of New York, but that, as he and she
were both domiciled in Massachusetts, whether a full title passed
as between them, depended on the laws of Massachusetts.

In transferring a debt evidenced by a written obligation, neither a writ-
ten assignment nor a delivery of the written obligation is indispen-
sable.

Argued January 10th—decided January 29th, 1902.

APPEAL from an order and decree of the Court of Probate
for the district of Putnam, disallowing an administration ac-
count upon the ground that it did not include as an asset of
the estate a certain policy of life insurance, taken to the Su-

perior Court in Windham County and tried to the court, *Prentice, J. ;* facts found and judgment rendered reversing the action of the Court of Probate, and appeal by the heirs at law of the intestate for alleged errors in the rulings of the court. *Error and judgment reversed.*

The following facts appeared by the finding of the Superior Court.

Gustavus D. Bates insured his life in 1868 in the Mutual Life Insurance Company of New York. The policy was fully paid for when issued, and the amount insured was payable after his death, at New York, to his executors, administrators or assigns. The policy was not under seal. It provided that, if it should be assigned, written notice should be given to the company. Shortly afterwards Bates married Nellie A. Bates the intestate, and in 1870 executed in duplicate, in Boston, a written assignment of all his interest in the policy "for one dollar to me in hand paid, and for other valuable considerations, the receipt of which is hereby acknowledged . . . to Nellie A. Bates of Putnam, Connecticut." Both were then domiciled in Boston, but Mrs. Bates was temporarily residing in Putnam.

By this assignment he intended to secure the benefits under it only to Mrs. Bates or their children. She never had any children.

One of the assignments was forthwith sent by Bates to the main office of the company in New York city, to perfect the assignment in accordance with the rules of the company. The other was retained by Bates, and placed and folded with the policy. The company received the assignment, and made the proper entry thereof upon its books, indicating that the policy was payable to Mrs. Bates, as Mr. Bates expected that it would do. Neither the policy nor the duplicate assignment were ever delivered by Bates to his wife, but they always remained, until the trial of this cause, in Bates' possession, being kept in a package containing other papers belonging to him in a drawer used exclusively by him in a bureau in the bedroom occupied by him and his wife, except when the same was removed by him on one or two occasions

to a bank vault for temporary safe-keeping. Mrs. Bates was informed by her husband of the assignment some time after its execution, but the exact date did not appear in evidence.

Afterwards she removed to Putnam, and was domiciled there at the time of her death.

The administrator of her estate did not inventory the policy, nor charge himself with it in his administration account, for which cause the latter was disallowed by the Court of Probate.

*Frank T. Brown*, for the appellants in this court (heirs at law).

*Charles E. Searls*, for the appellee in this court (the administrator).

BALDWIN, J. The assignment of the policy, followed by notice to the company, and the consequent entry upon its books, made it, so far as the company was concerned, payable to Mrs. Bates, or in case of her death to her estate. *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24, 28. This policy was a contract made in New York and to be performed in New York, and the assignment in her favor was unquestionably valid under the laws of New York, where it was delivered to the company. Whether, however, the whole interest in the policy was transferred, as between her and her husband, depended on the laws of the State of their domicil, Massachusetts, regulating the marriage relation, and also on the effect of the want of delivery to her of either the policy or the assignment. *Freeman's Appeal*, 68 Conn. 533, 538.

In 1870, the common law disability of a wife to take under a direct conveyance from her husband was in full force in Massachusetts, except so far as affected by certain statutes. As to some of them, it was provided that they should not "authorize the husband to convey or give property to his wife." General Statutes of Mass., Rev. of 1860, p. 539, § 10. But by another statute, not affected by that proviso, passed in 1864, it was enacted that "a policy of insurance on the

life of any person, duly assigned, transferred, or made payable to any married woman, or to any person in trust for her or for her benefit, whether such transfer be made by her husband or other person, shall enure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or of the person affecting or transferring the same or his creditors." 1 Supplement to General Statutes of Mass., p. 270, Chap. 197. This put the assignment in question on the same ground as if it had been made by a third person to whom Mr. Bates had previously assigned it; and removes any difficulty which otherwise might have attended a transfer from him directly to Mrs. Bates. *Gould* v. *Emerson*, 99 Mass. 154. The term "duly assigned," as thus used by the legislature in connection with a transfer by a husband to his wife, necessarily imports that such a transfer can be duly, that is legally, made.

The policy, having been fully paid up, was the evidence of an absolute debt. It was for a sum certain, payable unconditionally upon an event which would certainly occur. It contemplates and provides for the contingency of an assignment. In that case, to perfect the assignment, written notice to the insurer was required. Such notice having been given, and the proper entry made in the company's books, not only was there a change in the party to whom the performance of the obligation was legally due, but by the information of the assignment subsequently given by the assignor to the assignee and her acceptance of the benefit of it, the change of ownership became complete. This acceptance was sufficiently implied from her failure to dissent. *De Forest* v. *Bacon*, 2 Conn. 633, 637. *Qui tacet consentire videtur.*

Had there been no consideration for the assignment, it may be that it could not have been supported as a gift of the policy to her, for want of a sufficient delivery. A gift can be constituted only by an executed contract, that is, a contract executed by delivery of possession and an acceptance by or for the donee. " The intention to give must be accompanied by a delivery, and the delivery must be made with an intention

to give." *Scott* v. *Dickson*, 108 Pa. St. 6; *Spooner* v. *Hilbish*, 92 Va. 333, 341; *Main's Appeal*, 73 Conn. 638, 642.

But the assignment in question recites that it was made for a valuable consideration. It is absolute in its terms. It was effectual, as has been already stated, to transfer the legal right of action on the policy. It is not found to have been in fact without consideration; and in the absence of such a finding it must be taken to be what it purports to be.

The law as to the delivery of a chose in action necessarily differs from that affecting the delivery of tangible property. A book-debt may be assigned orally, and if, upon oral notice to the debtor, he promises the assignee to pay it to him, a novation is effected. *Risley* v. *Phenix Bank*, 83 N. Y. 318, 328. If the subject of transfer be a debt evidenced by a written obligation, a written assignment is not absolutely necessary. Delivery of the obligation may, under some circumstances, be sufficient. But a delivery of the obligation itself is not indispensable. Where an obligation for the payment of money is absolute, although the time of payment has not arrived, the fund may be assigned, notwithstanding the document creating or evidencing the duty to pay it be retained in the hands of the assignor. *Spring* v. *South Carolina Ins. Co.*, 8 Wheat. 268; *Reid* v. *McCrum*, 91 N. Y. 412, 419; Bliss on Life Ins. § 330.

Nor is it indispensable that a written assignment should be delivered either to the debtor or to the assignee. As to the debtor, the only important thing, in respect to the transfer of the equitable ownership, is that he should have notice that an assignment has been made. *Kingman* v. *Perkins*, 105 Mass. 111. As to the assignee, if he, on notice from the assignor that an assignment has been made, assents to it; and if, as in the case at bar, the assignment be at the time in the hands of the debtor, we see no reason for denying his beneficial title. When an instrument is executed in duplicate, each is an original, and if one be delivered, its effect is not lessened because the other has not been. Mrs. Bates, being a purchaser for value, took, therefore, not simply a right of

action, but, as she never had any children, a right of action for her own sole benefit.

From this point of view, the fact that Mr. Bates did not intend to assign any interest which could enure to the benefit of his wife's collateral relations is immaterial. The only intention on his part which is to be regarded is that expressed in the written assignment.

Even if it were to be assumed that he could have reclaimed the benefit of the policy, or fully reduced it to his own possession again, during her life, as a chose in action accruing to her during coverture, he made no such attempt. *Allen* v. *Wilkins*, 3 Allen, 321; *Towle* v. *Towle*, 114 Mass. 167, 168.

A totally different question is presented under a contract of membership in a benefit society, when the death benefit is made payable to such beneficiaries as the person holding the membership certificate may appoint. An appointment so made is revocable, because it is a mere unilateral act, not amounting to a transfer, and creating no vested interest. *Masonic Mut. Ben. Asso.* v. *Tolles*, 70 Conn. 537, 544; *Hellenberg* v. *District No. 1*, 94 N. Y. 580.

It follows that the policy was an asset of the estate of Mrs. Bates, and should have been included in the administration account.

There is error, the judgment of the Superior Court is reversed, and the decree of the Court of Probate affirmed.

In this opinion the other judges concurred.