JOHN Q. A. COOK & others, executors, vs. SUPREME CON-
CLAVE IMPROVED ORDER HEPTASOPHS.

Suffolk.   January 21, 1909. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance*, Fraternal beneficiary.   *Fraternal Beneficiary Corporation.*   *Trust,*
Resulting.

Where a member of a fraternal beneficiary corporation in 1899 receives from the
corporation a benefit certificate in which his wife is named as beneficiary,
and, after his wife has died, he dies without leaving an heir or next of kin or
person dependent upon him and without having designated any person as bene-
ficiary under the certificate in place of his wife, if the constitution and by-laws
of the corporation contain no provision as to what person shall receive the death
benefit under such circumstances nor as to the benefit's reverting to the corpo-
ration, the executor of the will of such deceased member cannot recover from
the corporation the benefit in an action at law, either on the ground that under
the circumstances a trust results in favor of the executor, or otherwise.

CONTRACT upon a certificate of fraternal benefit insurance.
Writ in the Superior Court for the county of Suffolk dated
April 23, 1908.

The material portions of the amended declaration were as
follows:

" The plaintiffs say that Ephraim Provo . . . died on April
28, 1907, testate; . . . that the plaintiffs were duly appointed
executors of [his] will; . . . that on February 21, 1899, . . .
the defendant issued and delivered to said Ephraim Provo upon
his request and application a benefit certificate or policy of insur-
ance for the amount of $2,000, whereby the defendant promised
and bound itself to pay out of its benefit fund to Ira V. Provo,
the wife of said Ephraim Provo, the sum of $2,000 within sixty
days from the receipt of satisfactory proof of the death of said
Ephraim Provo, provided that said Ephraim Provo should be in
good standing in said order at the time of his death and pro-
vided also that said certificate should not have been surrendered
by said Ephraim Provo and another certificate issued at his
request in accordance with the laws of said order; . . . that
said Ira V. Provo died prior to the death of said Ephraim Provo ;
that at the time of said Ephraim Provo's death he was in good

standing in said order ; that satisfactory evidence of the death of said Ephraim Provo was duly furnished to the defendant; that said Ephraim Provo had not surrendered said certificate; that said defendant had not at his request issued any other certificate ; and that said Ephraim Provo had not designated any other beneficiary thereof; that at the time of his death said Ephraim Provo had no heirs at law or next of kin, or persons dependent upon him ; that from the time the defendant issued said certificate until the death of said Ephraim Provo he had paid all of the fees, assessments, and dues of every kind which under the constitution and laws of the defendant order he was obliged to pay ; that the constitution and laws of the defendant contain no provision as to whom the amount of the benefit certificate shall be paid under the conditions herein alleged, nor for the reversion of the same to the defendant. Because of the facts heretofore alleged the amount of said certificate, to wit, $2,000, resulted to the benefit of the estate of said Ephraim Provo and became due and payable to the plaintiffs as executors of his will, and the plaintiffs have demanded payment thereof from the defendant, and the defendant has neglected and refused to pay the same. Wherefore the defendant owes the plaintiff the amount of said certificate, to wit, $2,000."

The defendant demurred to the declaration. The demurrer was sustained by *Wait*, J., and the case was reported to this court for determination of the correctness of the ruling sustaining the demurrer.

*A. W. Putnam*, (*H. E. Jackson* with him,) for the plaintiff.

*H. L. Brown*, *E. Field & W. F. Murray*, for the defendant, were not called upon.

HAMMOND, J. This is an action upon a death benefit certificate issued by the defendant, a fraternal beneficiary corporation, to one Ephraim Provo, a member of the order, in which certificate the only beneficiary named was his wife. She died before him, and he did not designate any other beneficiary. The defendant filed a demurrer which was sustained in the Superior Court, and the case is before us upon a report: "such order to be made as justice requires."

The law in force at the time the certificate was issued, so far as respected the death fund, was St. 1888, c. 429, §§ 8, 9. It is

alleged in the declaration that at the time of Provo's death he had no heir at law or next of kin, or person dependent upon him ; and further, that " the constitution and laws of the defendant contain no provision as to whom the amount of the benefit certificate shall be paid under the conditions herein alleged, nor for the reversion of the same to the defendant." And there is no allegation that there is in existence any person or corporation coming within the class of parties named as possible legal beneficiaries under the statute to whom the plaintiffs would be accountable as trustees. We have then a case where the beneficiary named in the certificate has died before the member, who has failed to name any other beneficiary, and where there is no express provision in the laws of the society as to what shall be done with the trust fund. The case therefore is plainly distinguishable from cases like Daniels v. Pratt, 143 Mass. 216, where the by-laws make provision for the absence or invalidity of a special designation.

The plaintiffs rest their case upon the doctrine of a resulting trust. It is thus stated in their brief : " Provo was admitted as a contributor to this fund and continued as such for many years and up to the time of his death. The certificate was legally issued. The defendant has not made any provision in its laws for a reversion of the benefit fund to the society. These considerations make a strong equitable basis for the plaintiffs' claim. The plaintiffs believe that the decisions of this court have clearly established, as a principle of law, the doctrine of a resulting trust in favor of the insured's estate where there is a failure of the beneficiary."

It becomes necessary to examine into the nature of this so called trust fund. The purpose for which the death fund in societies like the defendant is raised, and the persons among whom it may be finally distributed, are described in the statutes. While a member can receive sick benefits during his life and therefore may be said to be a *cestui que trust* of the funds raised for that purpose, he never can be a beneficiary under a death benefit. He may designate to whom the part named in his certificate may be paid, but even then he must keep within the classes of beneficiaries named in the statute ; and a designation outside of these classes is invalid. *American Legion of*

*Honor* v. *Perry*, 140 Mass. 580. *Daniels* v. *Pratt*, 143 Mass. 216. In the last case the designation was the estate of the member. It was declared invalid, the court saying, " If it were a part of his estate, it would be assets for the payment of debts and expenses of administration, and would be subject to an unrestricted disposition by will. But this is inconsistent with the statutes, and so beyond the power of the parties." It thus appears that this fund is not created for the member, and that the only power he has over it is a limited power of appointment. If by reason of a valid appointment expressly made by him, or if in case of his failure to make such an appointment there be a provision either in the certificate or in the laws of the association making a valid appointment (which may be regarded as indirectly made by him), then the fund goes to the appointee. But to say that when there is a failure to make a valid appointment the fund shall go to the member as a resulting trust is to announce a result totally inconsistent for the purpose for which the fund was created. There can be no resulting trust which is inconsistent with the trust created by statute.

The case bears no analogy to a life insurance policy in a regular life insurance company, where the company is operated upon a reserve basis and the policy always has a pecuniary or cash surrender value, and where there is no statutory limitation as to the beneficiaries of the fund.

It follows that the demurrer was rightly sustained. Among the authorities bearing upon the general subject see in addition to those cited above, *Bancroft* v. *Russell*, 157 Mass. 47 ; *Haskins* v. *Kendall*, 158 Mass. 224 (arising under St. 1885, c. 183), *Boyden* v. *Massachusetts Masonic Life Association*, 167 Mass. 242 (arising under St. 1890, c. 421) ; *Marsh* v. *American Legion of Honor*, 149 Mass. 512, and cases there cited; *Hill* v. *American Legion of Honor*, 178 Mass. 145 ; *Warner* v. *Modern Woodmen of America*, 67 Neb. 233 ; *Eastman* v. *Provident Mutual Relief Association*, 62 N. H. 555 ; also cases cited in 29 Cyc. 159, note 3.

*Demurrer sustained.*