THE SUPREME COLONY, UNITED ORDER OF THE PILGRIM FATHERS, *vs.* CARRIE DIKE TOWNE, ADMINISTRATRIX, ET AL.

Third Judicial District, Bridgeport, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

The place in which a contract of benefit insurance is made is the place in which the final act, essential to render it a complete and effective obligation, is performed.

A membership contract in a fraternal benefit society is to be construed in accordance with its charter and by-laws, and these, unless otherwise provided, must be in harmony with the statute law of the State in which the society is located.

In the present case a statute of Massachusetts, in which the plaintiff society was located, prescribed that no beneficiary should have or obtain any vested interest in the benefit until it became due and payable upon the death of the member; and this provision was quoted in the book or pamphlet issued by the society. *Held* that this statute became a part of its contract of insurance and that

the estate of a beneficiary who predeceased the insured member had no claim to any part of the benefit fund.

Such a statute is merely in affirmance of the general law applicable to fraternal benefit societies, under which the insured ordinarily retains the right to change the beneficiary, within the prescribed classes, without the latter's consent; and as a consequence the designated beneficiary has, during the lifetime of the insured member, a mere expectancy, which becomes a property right only upon the latter's death without having named any one else as beneficiary.

Neither the power to designate the beneficiary of a death-benefit fund, nor the failure to exercise that power, give to the insured or to his estate any property interest in or right to the fund, unless that be conferred by the charter and laws of the society or by virtue of his contract of membership.

An insured member cannot designate his estate as a beneficiary unless the laws of the society so provide.

In the present action of interpleader it appeared that neither claimant had established a legal right to the benefit fund, to which the society disclaimed all right and expressed its willingness to deliver it to such person as the court should direct. *Held* that under these circumstances the court would be guided by equitable considerations, and award the fund—which was created and existed for the benefit of those who might be named as beneficiaries—to the decedent member's half-brother, who was the only survivor eligible as a beneficiary under the laws of the society.

Argued October 29th, 1913—decided January 15th, 1914.

ACTION in the nature of interpleader to determine the respective rights of the defendants, each of whom claimed to be entitled to a death-benefit fund of $1,000, brought to and tried by the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered in favor of the defendant Terry, from which the other defendant, Towne, appealed. *Error in part.*

*Denis T. O'Brien, Jr.,* for the claimant Towne.

*Henry W. Stowell,* for the claimant Terry.

WHEELER, J. The plaintiff is a fraternal benefit society incorporated under the laws of Massachusetts and having subordinate bodies, called Colonies, in other

States under its jurisdiction. It brings its bill of interpleader to require the defendants to interplead as to their claims to the avails of a benefit certificate now held by it, which certificate was issued to Harry S. Hanaford, one of its members. In the certificate the wife of Mr. Hanaford was duly designated as the beneficiary; she predeceased the insured, and no further designation of a beneficiary was made by him. The laws of the society make no provision for the disposition of the benefit where the beneficiary predeceases the insured and he makes no further designation. A judgment was duly rendered requiring the claimants to interplead and the plaintiff to hold the fund subject to the final order of the court.

The only heir, relative, or next of kin surviving the insured member, was a half-brother. One claimant is the administratrix of the deceased beneficiary, the other the administrator of the deceased insured member.

Applications for membership in the plaintiff society are forwarded by the secretary of the local Colony to the home office in Massachusetts, and if in proper form, and the applicant found duly initiated and the fee for the benefit certificate paid, a benefit certificate, reciting that it is issued upon condition that the insured complies with the laws, rules, and regulations of the society and endorses thereon his acceptance in writing of the certificate upon the conditions named, is then forwarded by the home office to the secretary of the local Colony for the acceptance of the member. This procedure was followed in this case.

The contract of the benefit certificate became effective when formally accepted by Hanaford, the insured, in Connecticut. The acceptance was the final act consummating the contract. If the delivery be conditioned upon any act, such as the payment of a premium to a local agent, or the written acceptance of

the certificate at the place of the local Colony, the place where this final act is required is the place of the contract. Until then it was unilateral. *Coverdale* v. *Royal Arcanum*, 193 Ill. 91, 106, 61 N. E. 915; *Equitable Life Assur. Soc.* v. *Clements*, 140 U. S. 226, 232, 11 Sup. Ct. Rep. 822.

While the contract was a Connecticut contract, it was conditioned upon the laws of the society, and its laws, so far as valid, were in harmony with, and all of its contracts included, the statute law of the State of its origin relating to fraternal benefit societies.

The constitution and by-laws do not specify the classes of beneficiaries, except that the book containing them quotes an extract from the statute law of Massachusetts prescribing the classes of beneficiaries that may be named. This statute necessarily became a part of the laws of the society forming a part of every contract of insurance it made. *Silvers* v. *Michigan Mut. Ben. Asso.*, 94 Mich. 39, 53 N. W. 935; *Ebert* v. *Mutual Reserved Fund Life Asso.*, 81 Minn. 116, 120, 83 N. W. 506, 834, 84 id. 457; 29 Cyc. 69. The statute so quoted in its book of constitution, provides that "no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member." It follows from this provision that the wife, designated as beneficiary, could acquire no vested interest in the benefit unless she survived the insured member, and, as this contingency has not arisen, she never had an interest in the benefit, and her administratrix could acquire no interest in the benefit except such as came from her.

This statute is in affirmance of the general law. In ordinary life insurance the beneficiary cannot be changed without his consent; in fraternal benefit insurance ordinarily, as in this case, the insured retains the right to change the beneficiary within the

classes prescribed. As a consequence the beneficiary on designation acquires, and during the life of the insured secures, merely an expectancy, revocable by the insured, and not ripening into a property right until the death of the insured member. *Masonic Mut. Ben. Asso.* v. *Tolles,* 70 Conn. 537, 544, 40 Atl. 448; *Colburn's Appeal,* 74 Conn. 463, 468, 51 Atl. 139; *Supreme Lodge, N. E. O. P.* v. *Hine,* 82 Conn. 315, 320, 73 Atl. 791; *Marsh* v. *American Legion of Honor,* 149 Mass. 512, 515, 21 N. E. 1070; *Attorney General* v. *American Legion of Honor,* 206 Mass. 158, 165, 92 N. E. 136; *Warner* v. *Modern Woodmen of America,* 67 Neb. 233, 237, 93 N. W. 397; *Pilcher* v. *Puckett,* 77 Kan. 284, 288, 94 Pac. 132; *Golden Star Fraternity* v. *Martin,* 59 N. J. L. 207, 213, 216, 35 Atl. 908. The death of the beneficiary wife prior to the decease of the insured voided her contingent expectancy, so that she never obtained a vested interest in the benefit, and her administratrix cannot secure what she never possessed.

We come to the second question, whether the estate of the deceased member can take.

Under the laws of the society and the law of its incorporation, the member had the power to designate to whom the death benefit should be paid, and also the power to substitute a new beneficiary. He had, under his contract, no other control over the benefit, and as a consequence no property interest in it. "An appointment so made is revocable, because it is a mere unilateral act, not amounting to a transfer, and creating no vested interest." *Colburn's Appeal,* 74 Conn. 463, 468, 51 Atl. 139. A mere power of appointment is not an asset in the donee of the power and conveys no title to or interest in the property conveyed (Coke Lit. 235 b), and, unexercised by the donee prior to his death, becomes wholly unoperative. The insured member can neither assign, transfer, pledge, nor bequeath the

benefit. Nor does it descend to his heirs. The estate of the insured is not among the classes of beneficiaries which may be named, hence the insured could not designate his estate as a beneficiary. What he could not dispose of in life, neither the laws of the society nor the law of its incorporation attempt to give upon his decease.

Not infrequently the laws of a fraternal benefit society provide for the disposition of a death benefit where the member has failed to exercise his right of designation, sometimes giving the benefit to certain classes of the beneficiaries open to designation, and occasionally to the estate of the insured member. In such instances the right to the benefit comes through the laws of the society or the law of its incorporation, and not through any property interest of the insured member in the benefit. A classification of the estate of the insured among the beneficiaries open to designation would violate the theory of fraternal benefits, since such a provision would conform its contract in one important respect to the ordinary feature of life insurance, making the insurance a part of the assets of the insured and available for his debts.

The authorities, with little dissent, agree that neither the insured member, nor his estate, has any property interest in the fraternal benefit in the absence of provision in the laws of the society or the law of its incorporation, or in the contract made, giving such interest. *Cook* v. *Improved Order Heptasophs*, 202 Mass. 85, 88 N. E. 584; *Eastman* v. *Provident Mut. Rel. Asso.*, 62 N. H. 555, 556; *Hellenberg* v. *District No. 1*, 94 N. Y. 580; *Warner* v. *Modern Woodmen of America*, 67 Neb. 233, 237, 93 N. W. 397; *Pilcher* v. *Puckett*, 77 Kan. 284, 288, 94 Pac. 132. For the reason that the disposition of the benefit is unprovided for by the contract made, and neither the beneficiary named nor the insured member

ever acquired any property interest in the benefit, and hence no one under the contract is legally entitled to the benefit, a number of the courts have held that the legal position of the benefit is that it reverts to the society. *Eastman* v. *Provident Mut. Rel. Asso.,* 62 N. H. 555, 556; *Hellenberg* v. *District No. 1,* 94 N. Y. 580; *Warner* v. *Modern Woodmen of America,* 67 Neb. 233, 237, 93 N. W. 397; *Golden Star Fraternity* v. *Martin,* 59 N. J. L. 207, 216; *Pilcher* v. *Puckett,* 77 Kan. 284, 288, 94 Pac. 132; *Bishop Bros.* v. *Curphey,* 60 Miss. 22; 29 Cyc. 157, 159. In a few of the States the courts have disposed of the fund, in case of the decease or failure to designate the beneficiary, upon the theory that a resulting trust arises either in favor of the classes from whom the beneficiary might have been named or in favor of the estate of the insured member. In the late case of *Cook* v. *Improved Order Heptasophs,* 202 Mass. 85, 88, 88 N. E. 584, the court say: "But to say that when there is a failure to make a valid appointment the fund shall go to the member as a resulting trust is to announce a result totally inconsistent for the purpose for which the fund was created. There can be no resulting trust which is inconsistent with the trust created by statute." The reference is to the statute designating the classes of beneficiaries who may be named.

We have no occasion to determine whether, in the absence of designation of a beneficiary, a resulting trust exists in favor of the beneficiaries named in the statute, or whether the fund reverts to the society. In *Supreme Lodge, N. E. O. P.* v. *Hine,* 82 Conn. 315, 319, 73 Atl. 791, no question was raised as to the right of the society to the fund, or as to the legal right of the claimants to the fund. The fund was in court to be disposed of among the claimants upon equitable considerations. In the case before us the society in its complaint set up that it held the avails of the death benefit which two

claimants demanded, and that it "has no claim upon the property in dispute and is ready and willing to deliver it to such persons as the court shall direct." So a situation is presented similar to that in *Supreme Lodge, N. E. O. P.* v. *Hine,* 82 Conn. 315, 73 Atl. 791. The fund is in the hands of the society; it waives all right to it; and the court is requested by it to cause the claimants to interplead and then to determine which is entitled to the fund. Neither claimant to the fund has established a legal right to it. Indeed, the administrator of the estate of the insured in his brief does not claim the benefit as assets of his intestate's estate, but as a benefit for those entitled to it. We are asked to determine to whom, under those circumstances, in equity, the benefit should go. There is no equity in turning the benefit over to the administratrix of the deceased beneficiary, nor to the administrator of the insured for the benefit of his estate, for neither are within the classes of beneficiaries which might have been designated.

The only person belonging to the classes of beneficiaries who might have been named, is Stafford S. Terry, a half-brother of the deceased, who, as administrator of the insured, is one of the claimants. As the benefit fund exists for the benefit of those who may be designated as beneficiaries, it would seem to be the most equitable disposition of the benefit to give it to the half-brother.

There is error in part, and the cause is remanded for a correction of the judgment so that it may provide that the balance of the fund paid to the administrator shall be the property of the half-brother, Stafford S. Terry.

In this opinion the other judges concurred.