ANNIS ESTES ET AL. *vs*. LOCAL UNION, No. 43, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA.

First Judicial District, Hartford, March Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A member of a fraternal benefit society who is merely authorized by its charter and laws to designate the beneficiary of a funeral benefit payable upon his death, has no property right or interest therein while living, nor does any such right or interest pass to his estate upon his death.

During his life the member has this power of designation, including the right to change a designation previously made, subject to any limitation or restraint imposed by statute (§ 3582) or by the charter, laws or regulations of the order.

The constitution of the defendant's national organization prescribed that on the death of a beneficial member, "his wife or legal heirs as named on his application" should be entitled to a funeral benefit of $200, while the by-laws of the defendant local union provided that a funeral benefit of $100 should be paid by it, "the same as other funeral benefits prescribed in the constitution." It did not appear that the decedent had named any one in his application, but shortly before his death he expressly designated and appointed in writing his sister, who was one of his heirs, as the beneficiary of "all benefits or sums of money" which might accrue or become due upon his death "from the United Brotherhood of Carpenters and Joiners of America", a copy of which was served upon the defendant local union soon afterward, accompanied with a demand for payment of the $100 funeral benefit. *Held:*—

1. That the expression "as named on his application," did not limit a member's right of designation to one to be exercised at the time

Estes *v.* Local Union No. 43.

his application was made, and therefore the decedent was free to name or to change the beneficiary at the time he executed and delivered the instrument in question.

2. That the subject-matter of this designation was not limited to benefits payable out of the treasury of the national body, as such, but applied to any and all benefits, from whatever source payable, which accrued upon the decedent's death by virtue of his membership in the organization which he named.

3. That inasmuch as the notice of the decedent's designation was given to the defendant before any payment had been made of the funeral benefit in question, it was sufficient, although not given until after his death.

Notice to a fraternal benefit society is not a condition precedent to the validity of the designation of a beneficiary, in the absence of any such requirement either in the statutes, or in the charter, constitution or by-laws of the parent body or the local branch.

Language in a constitution or by-law of a fraternal benefit society which is ambiguous or uncertain in its meaning, ought to be construed most favorably to its members.

The contract rights of a member of such an organization cannot be changed by parol evidence of a custom unknown to him.

The usage of one local union alone is inadequate to show the practical construction given to a clause in the constitution of the national organization.

Argued March 8th—decided April 19th, 1916.

ACTION to recover the amount of a funeral benefit, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiffs for $100, and appeal by the defendant. *No error.*

The United Brotherhood of Carpenters and Joiners of America is a national organization whose membership consists of the members of a large number of local unions scattered throughout the country. These local unions have their own form of organization and officers, but they are organized under the constitution of the Brotherhood and they, their officers and members are subject to its authority and control. All members of the local bodies are *ipso facto* members of the Brotherhood. By its constitution a funeral benefit of $200

is payable from its treasury on the death of any beneficial member of one year's good standing. By a subsequent section this benefit is made payable to "his wife or legal heirs as named on his application." It is further provided that if a member die without heirs, the local union should "see him respectably interred" at the expense of the Brotherhood.

The by-laws of the defendant local union provide that upon due notice of the death of a beneficial member, who has been in good standing for one year or over, a funeral benefit of $100 shall be paid by it through an assessment upon its members, "the same as other funeral benefits prescribed in the constitution." The local union had no constitution. The only constitution, to which its members were subject, is the constitution of the general body or Brotherhood.

John Bickford, who died November 30th, 1909, was, and for three years or more had been, a beneficial member of the defendant union, and, by virtue of that membership, a beneficial member of the Brotherhood. It does not appear that in his application he named any person, either wife or heir, as the beneficiary of any funeral or other benefit which should become payable at his death, or that he ever designated or attempted to designate a beneficiary thereof, otherwise than as is hereinafter stated.

At the time of his death, and for some time previous thereto, he resided in North Adams, Massachusetts, with the plaintiff, his sister, and her husband. She cared for him during his last illness, and paid the expenses connected with it, and it was his desire, as expressed by him, that she should provide for his funeral.

On November 6th, 1909, he executed, under seal, acknowledged and delivered to the plaintiff the following instrument in writing: "Know All Men By These Presents, That I, John Bickford, of the Town of Hoo-

sick, County of Rensselaer and State of New York, in consideration of the sum of One ($1.00) Dollar and other good and valuable consideration to me paid, the receipt whereof is hereby acknowledged, have granted, assigned and set-over, and by these presents do grant, assign and set-over unto Annie Estes, all right, title and interest, which I may have in and to all benefits or sums of money which may accrue or become due upon my death, from the United Brotherhood of Carpenters and Joiners of America. And I hereby expressly name and appoint said Annie Estes as beneficiary of all benefits or money which may be payable from said Brotherhood upon my death, and do hereby revoke and annul any other beneficiary or beneficiaries which may have been heretofore named by me in my original application for membership or elsewhere."

Notice of this instrument was given to the defendant by the delivery to it of a copy on December 2d, 1909. Due demand was thereupon made for payment of the $100 payable by the defendant, and the same refused. Bickford left surviving him a widow, who was duly appointed administratrix of his estate. To her as such administratrix and widow, the defendant, on December 28th, 1909, paid the $100.

Upon the trial one Miskill, the financial secretary of the defendant, was asked by defendant's counsel as to the defendant's custom in the matter of the payment of funeral benefits, and particularly as to the person to whom the payment, in case of the death of a member, is customarily made. This evidence was excluded. No knowledge on the part of the deceased of the alleged custom was shown.

*Henry H. Hunt,* with whom was *Nathan Schatz,* for the appellant (defendant).

*George O. Brott,* for the appellees (plaintiffs).

PRENTICE, C. J.   When John Bickford died, the defendant came under the admitted obligation to pay $100 as a funeral benefit to some one showing himself or herself entitled to receive it, in conformity to the constitution, rules and regulations governing such payment. Bickford, while living, had no property in this benefit payment, or interest in it other than the power to designate a beneficiary to receive it, and upon his death no right to it passed to his estate.   During his life he had this power of designation, including that of change of designation previously made, subject to any limitation or restraint imposed upon it by statute, or the charter, constitution, by-laws or regulations of the organization.  *Supreme Colony* v. *Towne,* 87 Conn. 644, 648, 649, 89 Atl. 264; *Masonic Mut. Ben. Asso.* v. *Tolles,* 70 Conn. 537, 544, 40 Atl. 448; *Maryland Mut. Ben. Soc.* v. *Clendinem,* 44 Md. 429, 433; *Hellenberg* v. *District No. One of I. O. B. B.,* 94 N. Y. 580, 585; *Carpenter* v. *Knapp,* 101 Iowa, 712, 727, 70 N. W. 764; *Delaney* v. *Delaney,* 175 Ill. 187, 195, 51 N. E. 961; *Fischer* v. *American Legion of Honor,* 168 Pa. St. 279, 285, 31 Atl. 1089; *Masonic Mut. Ben. Soc.* v. *Burkhart,* 110 Ind. 189, 192, 10 N. E. 79, 11 *id.* 449; 1 Bacon on Benefit Societies (3d Ed.) § 237; General Statutes, § 3582.   No provision has been pointed out to us which imposes any such limitation or restriction, except that contained in the section of the statute above cited, where the class of permissible beneficiaries is defined, or such as is expressed in § 120 of the constitution of the Brotherhood, or to be implied therefrom.   In this section of the constitution it is provided that " on the death of a member in benefit, his wife or legal heirs as named on his application, shall be entitled to the member's funeral benefit as prescribed in the Constitution."

The plaintiff is a sister and one of the heirs of the

deceased. Her nomination as beneficiary was not, therefore, in violation of either the statute or the constitution as being to a person outside of the class to whose membership the choice of beneficiary was confined.

The use of the words "as named on his application," appended to the words "his wife or legal heirs," did not limit his right of designation to one to be exercised at the time his application was made. The obligation of the Brotherhood to pay its funeral benefits is fixed in another disassociated section, which provides, in general terms, for its payment upon the death of a member. As by it the member obtains nothing but the power to designate the beneficiary, which may, in the absence of express restraining provisions, be exercised at any time, it could not reasonably be held to be the intent of § 120 to deny the right to name a beneficiary subsequent to the time of the filing of the member's application. One does not need to look to this section to find the right of designation. Its importance arises out of the limitations it places upon that right. In so far as the language of the section may be ambiguous or uncertain in its meaning, that construction ought to be given to it which is most favorable to the member. *Finch* v. *Grand Grove of U. A. O. of Druids*, 60 Minn. 308, 312, 62 N. W. 384. To construe it strictly, as claimed by the defendant, would be to contribute very efficiently to the defeat of the beneficial purpose which the payment of these benefits was designed to fulfil, and to deprive the member of one of the inducements apparently held out to him as a reward of his membership. The following section provides for cases of death without heirs. That provision, and the absence of any for the event of the death of a beneficiary named in an application, strongly emphasize the fact that the quoted words were not used as words of limitation and

restriction, but rather as indicating the member's right to appoint a beneficiary when he makes application and the restriction of the right of designation to members of a designated class.

If, therefore, it be assumed that the restrictions which are imposed by the constitution of the general body attach, by force of the reference to a constitution in the defendant's by-laws, to the funeral benefits payable by it, it nevertheless appears that the deceased was free to name or change the beneficiary at the time he made and delivered to the plaintiff the writing of November 9th, 1909.

It remains to inquire whether, by that writing, he effectually did so. There is no rule or regulation of either the union or the Brotherhood, prescribing the form in which the designation of a beneficiary shall be made. The writing is sufficient in that regard, and is unmistakable as to its meaning and purpose in all respects, save as to the subject-matter of the designation. *Schoenau* v. *Grand Lodge A. O. U. W.*, 85 Minn. 349, 353, 88 N. W. 999. The plaintiff is named as the beneficiary of "all benefits or money which may be payable from said Brotherhood upon my death." It is contended, on behalf of the defendant, that the designation thus made was limited to benefits payable out of the treasury of the Brotherhood as such, and did not extend to any payable from the treasury of the local union.

This contention ignores the true character and relation to each other of the Brotherhood and its constituent unions into which its members are locally gathered. They are in no true sense independent bodies. On the contrary, they are closely interrelated parts of a single body. The unions exist under the authority of the Brotherhood, their members become automatically its members, and both the unions and their mem-

bers are subject to its government and control. The local groups have an organization for the more orderly and efficient conduct of local affairs, but that organization is only that of an agency or arm of the Brotherhood, to which it is subordinated. What we said of a similar organization is applicable to this, to wit: "These various bodies, supreme or subordinate, are in no sense separate and independent. They are only interrelated parts of a single, comprehensive, unified system existing as the result of the will of the membership of the general body, under a common law which comes from that membership, subject to a common authority created by that membership, and seeking common ends which are the concern of every member." *Grand Lodge of Conn.* v. *Grand Lodge of Mass.*, 81 Conn. 189, 203, 70 Atl. 617. Benefits payable by reason of membership in the order, whether payment is made directly out of the general or local treasury, may well be regarded, and are not inaptly described, as benefits accruing from the order. Bickford appears to have so regarded them. Apparently, and not unnaturally, he looked upon his membership in the organization as having attached to it certain rights which would accrue upon his death, and did not stop to examine with the critical eye of a technical legal expert into the nicer distinctions which counsel for the defendant would have us observe when he signed the writing he gave to the plaintiff in which he named her as a beneficiary of "all benefits" which might be payable from the Brotherhood upon his death. There was only one benefit payment provided for to come directly out of the Brotherhood's treasury. The fact that he used the plural is indicative of what was in his mind, and that he intended to include in his designation any and all benefits accruing upon his death by virtue of his membership in the organization which he named.

The fact that notice of the deceased's designation of the plaintiff was not given to the defendant until after his death is of no present importance, since payment of the benefit was not made until after that notice had been given. Nowhere in statutes, charter, or constitution, or in the by-laws or regulations of either the Brotherhood or defendant union, is there any provision touching that matter, and in the absence of such provision notice is not a condition precedent to the validity of a designation of a beneficiary. *Hirschl* v. *Clark*, 81 Iowa, 200, 207, 47 N. W. 78.

The objection to the testimony of Miskill was properly sustained. The contract existing between the defendant and the deceased could not be changed by parol evidence of a custom unknown to him. In so far as the evidence was offered to resolve an ambiguity in the language of § 120 of the constitution of the Brotherhood, by showing the practical construction given to it, it is evident that the usage of the defendant local union alone was inadequate to that end.

There is no error.

In this opinion the other judges concurred.