## ORDER OF SCOTTISH CLANS *vs.* HERMAN REICH, ADMINISTRATOR DE BONIS NON, ET ALS.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The person designated as his beneficiary by a member of a fraternal benefit society whose by-laws permit a change of designation, acquires no vested interest or property right in the death-benefit during the member's lifetime, and therefore his estate has none in case of his death before that of the member.

In the present case a clause in one of the laws of the Order forbidding the assignment of bequeathment certificates, provided that death-benefits or "bequeathments" would be paid only to the beneficiary designated by the clansman, "or to the legal representative of such beneficiary." *Held* that this clause was used to express a restriction upon the power and right of payment and not to create a new beneficiary by way of substitution; that it enabled the personal representative of a deceased beneficiary who, by his survival of the member, had acquired a vested right to a death-benefit, to collect it, but did not authorize such collection by a representative whose decedent had predeceased the member and thus never had any vested interest whatsoever in the benefit.

Section 12 of the plaintiff's bequeathment laws directed that death-benefits should in all cases be made by check payable to the beneficiary, "or legal representative of the deceased clansman." *Held* that this provision became applicable in the present situation, inasmuch as there was no person entitled to take the fund either as its designated beneficiary or in accordance with a positive rule of the Order; and that it should therefore be paid to the administratrix of the deceased clansman, although he had no vested right to the fund at the time of his death and none passed to his estate.

The decedent's widow was one of the claimants of the fund. *Held* that there was nothing in the constitution or laws of the plaintiff Order which entitled her to the money, and that in view of the express provision for payment to the legal representative of the deceased clansman, contained in § 12, it became unnecessary to determine what her rights would have been had the contingency been one wholly unprovided for.

Argued April 13th—decided June 2d, 1916.

ACTION of interpleader to determine the rights of the respective defendants in and to a death-benefit of

$500 due from the plaintiff Order, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered in favor of Reich, administrator, from which the defendant Anna Campbell, individually and as administratrix, appealed. *Error; judgment to be rendered in favor of Anna Campbell, administratrix.*

The plaintiff is a fraternal benefit order incorporated under the laws of Missouri and authorized to do business in Connecticut. It has subordinate local branches in various parts of the country, members of which are *ipso facto* members of the Order. Clan Campbell No. 24 is one of these subordinate branches located in Bridgeport in this State. The constitution and laws of the Order provide for the payment, upon the death of members in good standing, of death-benefits, called "bequeathments," to some person or persons entitled, pursuant to the regulations of the Order, to be their respective beneficiary or beneficiaries. They provide for the issuance to members, upon their application, of a certificate known as a bequeathment certificate evidencing the obligation of the Order to pay such benefit and designating the amount thereof. The member is directed to state in his application to whom he desires his bequeathment paid, and this designation is entered upon the certificate. Provision is also made for a change in the designation of the beneficiary.

John Campbell, late of Bridgeport, was, during his lifetime, a member in good standing of Clan Campbell No. 24, and there was issued by the plaintiff to him as such member a $500 bequeathment certificate, payable upon his death to his beneficiary. At the time the certificate was issued he designated his mother, Margaret Campbell, as the beneficiary, and she was so named in the certificate. No change of designation was ever made. Margaret Campbell died before her son.

He died October 5th, 1914, leaving surviving him a wife, the defendant Anna Campbell, with whom he was living at his death, but no child or representative of child. During his life he complied with all the rules and regulations of the Order, and at his death the $500 bequeathment became payable. The defendant Herman Reich is the duly-appointed administrator of the estate of Margaret Campbell and claims the money. The defendant Anna Campbell is the administratrix of John Campbell's estate. She also claims it as such administratrix and in her individual capacity. The plaintiff disclaims it, and is ready and willing to deliver it, less such sum as may be allowed to the plaintiff for costs and legal expenses, to such person as the court shall direct.

Section 13 of the Bequeathment Laws of the Order reads as follows: "No member shall assign his Bequeathment certificate, nor shall such assignment, if made, be recognized by any member of the Order, but such assignment shall be deemed void. Bequeathments will be paid only to the beneficiary designated by the clansman, or to the legal representative of such beneficiary, provided such beneficiary is a relative of the deceased clansman within the meaning of the laws of any State."

*E. Taylor Buckingham* and *William W. Bent,* for the plaintiff.

*Thomas M. Cullinan,* for the appellant (defendant Anna Campbell, individually and as administratrix).

*Henry E. Shannon* and *Samuel Reich,* for the appellee (defendant Reich, administrator.)

PRENTICE, C. J. John Campbell having died a member in good standing of the plaintiff fraternal order, it

came under the obligation to pay as a death-benefit, or in the terminology of the Order, a bequeathment, the sum of $500 to such person or persons as should establish a rightful claim to the fund. Three conflicting claims are presented by the interpleading defendants. The defendant Reich, as administrator of Margaret Campbell, who was originally designated as the beneficiary of the bequeathment, presents one, and Anna Campbell, acting in her individual capacity and as the administratrix upon the estate of the deceased member, the other two.

The claimant Reich, administrator, asserts his right to the fund solely by reason of the representative capacity which he occupies as the duly-appointed and qualified administrator of the estate of Margaret Campbell. She was indeed the beneficiary designated by her son and named as such in the bequeathment certificate when it was issued, and the only beneficiary ever designated by him. But as she died before him, nothing of right or interest in the death-benefit evidenced by the certificate ever became vested in her. She never had more than a revocable, contingent expectation not amounting to a property right. *Supreme Colony* v. *Towne*, 87 Conn. 644, 648, 89 Atl. 264.

The claimant apparently concedes this, and relies upon a sentence contained in § 13 of the Bequeathment Laws of the Order which provides that "bequeathments will be paid only to the beneficiary designated by the clansman, or to the legal representative of such beneficiary." The contention is that here, by plain implication, is provision for the payment of the death-benefits to the legal representative of a deceased designated beneficiary, where there has been no subsequent designation, thus in effect making such representative the beneficiary by substitution.

This construction is unwarranted. The language

relied upon is used to express a restriction upon the power and right of payment. It is language of exclusion rather than of inclusion. It directs that the death-benefits shall be paid to certain persons only. It does not direct to whom they are or may be made payable. The provisions governing that matter are to be found elsewhere, and contain in them nothing to suggest, by way of reasonable implication, legal conclusion or otherwise, that the legal representative of a designated beneficiary, in whom the right to a bequeathment had never vested, could under any circumstances make rightful claim to it. The section of the Bequeathment Laws in question deals with the subject of assignment of bequeathment certificates. Having in its first sentence forbidden their assignment in direct terms, it proceeds to reinforce that prohibition by providing that payment of the amount represented by the certificates should be made to no other persons than the beneficiaries designated by the clansmen or their legal representatives. Viewed as language of restriction and exclusion, it is readily apparent why the reference to the legal representatives of beneficiaries was inserted. Without it, it might be contended that the legal representative of a beneficiary, who by his survival of the member had acquired a vested right to a death-benefit payment, was cut off from collecting it, although it had become the rightful property of his decedent before his death. With it all possibility of such situation was avoided. It is manifest that here is not to be found authority for the collection by legal representatives of deceased designated beneficiaries of funds in which their decedents had acquired no vested interest whatsoever.

If there were any doubt upon this point, a perusal of other provisions of the constitution and regulations of the Order dealing with the subject of bequeathments would quickly dispel it. Repeated reference to these

death-benefits and their payment not only disclose no suggestion of their payment to any one representing designated beneficiaries predeceasing the member, but contain much to refute such a contention.

The defendant Reich's claim is not well founded, and was erroneously approved by the trial court.

We are unable to find in the constitution or laws of the Order anything entitling Anna Campbell, as the widow of the deceased member, to receive this fund. She was never designated as its beneficiary, and neither the constitution nor laws provide that the widow or dependent widow of a deceased member shall become the beneficiary of his bequeathment in the event of no other designation. Whatever claim she might in any event urge must rest upon equitable considerations applicable to the situation in view of the character and purpose of the bequeathment payments, her relation to the deceased, and the superior position she occupies by virtue of that relation, and in the classification of permissible beneficiaries both in the statute (§ 3582) and regulations of the Order. But whatever might be said of any such claim were the contingency one for which there was no provision in the constitution and rules of the Order, we are of the opinion that such a contingency does not exist in the present case, as we shall have occasion to notice later.

Mrs. Campbell, as administratrix of her husband's estate, can urge no claim to the $500 by virtue of a vested interest in him at the time of his death. He had no such interest, and no right or interest in it passed to his estate. *Estes* v. *Local Union, No. 43*, 90 Conn. 426, 97 Atl. 326; *Supreme Colony* v. *Towne*, 87 Conn. 644, 649, 89 Atl. 264. But § 12 of the Bequeathment Laws, which provides the method of payment of bequeathments, directs that they shall in all cases be made by check payable to the beneficiary, beneficiaries, or

legal representative of the deceased clansman. Here apparently is a provision for the contingency, liable to occur, where there is no person entitled to take the fund either as its designated beneficiary or in accordance with some positive rule of the Order. Such is the situation here. Mrs. Campbell is the legal representative of the deceased clansman; no designated or other rightful beneficiary is disclosed; and no superior right in another is shown. As between the several defendants she is entitled to receive the fund which the plaintiff disclaims and stands ready to pay over.

There is error, the judgment is set aside and the cause remanded to the Court of Common Pleas in Fairfield County for the rendition of a judgment in favor of the defendant Anna Campbell, administratrix.

In this opinion the other judges concurred.