THE FIRST SLOVAK WREATH OF THE FREE EAGLE *vs.* REVEREND WALTER A. McCRANN, EXECUTOR, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 2d—decided June 13th, 1933.

*John J. Cullinan* and *Bernard H. Trager,* for the appellant (named defendant).

*Benjamin M. Leipner,* for the appellees (the other defendants).

HINMAN, J. The plaintiff is a fraternal benefit society incorporated by special act of the General Assembly, Special Laws, 1901, page 885, and is located in Bridgeport. On December 8th, 1917, Rev. Andrew E. Komara applied for admission to membership and in his application, in English, designated his estate as beneficiary, and in Slovak, in his own writing, "my administrator and according to my last will to my estate." At the time, the supreme financial secretary of the corporation informed him that such a designa-

tion was not permissible under the by-laws, and made several requests to him to make a new designation of beneficiary in accordance with the by-laws, but he did not do so. On July 15th, 1918, the corporation issued to him a benefit certificate entitling his beneficiaries to $1000 death benefit upon his decease, provided that he then be a member in good standing, and designating his estate as the beneficiary. Komara died January 6th, 1932, in good standing. He left no wife or children but did leave a brother, the defendant Komara, and two nieces, the defendants Bekech and Cirbus. The defendant McCrann was appointed executor of his will, and he as such executor claimed and demanded payment of the $1000 death benefit, as did the brother and nieces. The plaintiff corporation makes no claim to the death benefit and brought this action to determine to which of the claimants it should be paid.

Chapter 223 of the General Statutes, 1930, concerning fraternal benefit societies, contains a section, 4271, which appears in a footnote. The statute in effect when the benefit certificate was issued in 1918 (General Statutes, 1918, § 4184) was the same except that

Sec. 4271. DEATH BENEFITS; TO WHOM PAYABLE. The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption or to a person or persons dependent upon the member, provided, if there shall be no such person living, the member may name as beneficiary the society to which he shall belong or his estate, and provided any member who shall become dependent upon an incorporated charitable institution may, with the consent of the society, name such institution as beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary and to have such designation changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in such benefit until the same shall become due and payable upon the death of such member, provided any society may, by its laws, limit the scope of beneficiaries within the above classes.

it did not contain the proviso appearing in § 4271, which was inserted by amendment in 1925, "if there shall be no such person living, the member may name as beneficiary the society to which he shall belong or his estate." Section 123, Article 8, of the by-laws of the plaintiff corporation is identical with § 4271 of the General Statutes. Section 124 reads, "The organization will pay the death benefit to the beneficiaries designated in the certificate;" § 113 provides, "In case of a dispute between the heirs or designated beneficiaries as to the death benefits, the case shall be given to the courts of the land and the benefit shall be paid according to the decision of the courts." Section 125 provides, "In case that a designated beneficiary predecease a member and the latter shall not have changed the designation of the beneficiary, so much of the death benefit as shall have been designated to the deceased beneficiary shall be divided among the remaining designated beneficiaries in proportion to the amounts originally designated to be paid them. In case there should be no such other designated beneficiaries, then the death benefit shall be paid in accordance with the laws of the State."

The conclusions reached from the facts found were that the naming by Komara of his estate as beneficiary was in violation of the laws of the State and the by-laws of the corporation; the corporation had no power to accept the designation as a beneficiary of any person outside of the classes enumerated in § 4271 of the General Statutes and § 123 of the by-laws; the designation by Komara of his estate as beneficiary was equivalent to the absence of any designation of a proper beneficiary; owing to the restriction placed on the designation of the estate as beneficiary by statute and by-law, the death benefit is to be distributed direct to

the heirs of the deceased, one half to his brother, and one quarter to each of his two nieces.

The appellant assigns error in these conclusions and in the judgment rendered in accordance therewith. It appears from the facts above stated that when the benefit certificate was issued, the persons who could be designated as beneficiary thereunder were limited to the relatives enumerated in the statute (General Statutes, 1918, § 4184, now General Statutes, 1930, § 4271) or a charitable institution as therein specified. There was then no provision whereby the estate of the member could be named as the beneficiary. The statute, after the amendment of 1925, and the present by-laws of the corporation, permit designation of the estate only in case there be no person living who bears any of the designated relationships to the member. Under the final provision of the statute the corporation might have further limited, by by-law, the scope of the personal beneficiaries permitted—for example, might have restricted it to wife and children. Had it done so, as Komara had neither, under the statute as amended in 1925 and the applicable provisions of § 123 of the by-laws, he could have named his estate as beneficiary. However, as no such further limitation was effected, and he had living relatives by blood within the prescribed degree (fourth) in the persons of his brother and nieces, he continued to be, as he was when he applied for admission to the society, precluded from so doing. Designations of beneficiaries must be within the classes prescribed by and conform to the statute. *Supreme Colony* v. *Towne,* 87 Conn. 644, 649, 89 Atl. 264; *Supreme Lodge, N. E. O. P.* v. *Hine,* 82 Conn. 315, 318, 73 Atl. 791, Anno. Cas., 1916B, 181.

Therefore, the naming of Komara's estate as beneficiary was void and the situation presented is the same as if no designation had been attempted. *Supreme*

*Lodge, N. E. O. P.* v. *Hine, supra; Doherty* v. *A. O. H. Widows and Orphans Fund,* 176 Mass. 285, 287, 57 N. E. 463. Where, as here, the classes of persons who may be made beneficiaries are specified by statute, "the persons so indicated will take where there has been no designation, or a void designation, of a beneficiary, unless otherwise provided by statute or the laws of the society." *Supreme Lodge, N. E. O. P.* v. *Hine, supra,* p. 319; note, 31 A. L. R. p. 774. Section 125 of the society's by-laws, which we have quoted, covers only cases where a designated beneficiary predeceases the member, and so is inapplicable in the present instance. As no other provision of the by-laws and no statute directs to the contrary, the rule just quoted applies, and the proper recipients of the death benefit are the persons, if any, who are next of kin within the classes of relatives designated by § 4271 of the General Statutes and § 123 of the by-laws. The brother and nieces, being relatives by blood within the fourth degree, are within the scope of this designation and the judgment directing distribution to them in the proportions specified was correct. The rule applied is consistent with the generally accepted principle that a member of a mutual benefit association has no property rights in the fund which the association undertakes to pay upon his death, but only a power of appointing a beneficiary. *Order of Scottish Clans* v. *Reich,* 90 Conn. 511, 97 Atl. 863; *Supreme Colony* v. *Towne, supra;* note, 31 A. L. R. p. 764. It also accords with the holding in many cases that where there is a failure of the beneficiaries, the benefit will go to the member's heirs (31 A. L. R. 761 *et seq.*); it merely applies the same limitation excluding remote heirs as does the statute (§ 4271) in restricting the relatives who may be made beneficiaries by original designation in the benefit certificate. As the decedent's brother and nieces are the

only existent persons belonging to the class of beneficiaries who might have been named by him, disposition to them of the proceeds of the certificate also satisfies the equitable considerations which were recognized in *Supreme Colony* v. *Towne, supra,* p. 650.

There is no error.

In this opinion the other judges concurred.