The plaintiff is a fraternal benefit society organized and existing under the laws of this State, having a principal headquarters in Bridgeport and a subordinate "leaf" in Holyoke, Massachusetts. On August 25, 1917, one Paul Lugowski, of South Hadley, Massachusetts, a member of said "leaf", applied in writing for a new death benefit certificate in place of his certificate then in force, such substitution being required by reason of changes made in the set-up in the organization. By this application, Lugowski sought coverage in the amount of $1,000 and designated his unnamed "brother in the United States" as beneficiary thereof. Pursuant thereto, a death benefit certificate was issued, bearing date of January 1, 1918, payable to "Brother" without further designation or identification. Paul Lugowski continued his membership in *Page 112 
the society until his death on February 5, 1936.
As conflicting claims for the amount of the death benefit were made, the society, after deducting $350 for burial expenses, brought this action of interpleader to determine who is entitled to the balance of the fund now on hand. The claimants are Tom Lugowski of Youngstown, Ohio, who asserts that he is the only brother of Paul Lugowski, and Mr. and Mrs. John Dajda, of South Hadley, Massachusetts, as the executors of a will duly executed by Paul Lugowski wherein he purported to bequeath the whole of the proceeds to be derived from the society to such executors to be expended by them for the expenses of his last illness and his burial. There is no doubt but Mr. and Mrs. Dajda supported and provided for Paul during his last illness and obligated themselves for the payment of funeral expenses in a sum far in excess of the amount paid by the society — all in accordance with the expressed desires of Paul.
Under the statutes of this state (Gen. Stat. [1930] § 4271) as interpreted in First Slovak Wreath of the Free Eagle vs.McCrann, 117 Conn. 48, as well as by the by-laws of the society, death benefits may be made payable to the estate of the member only in the event that there are no surviving relatives who come within the classes designated, which classes include relatives by marriage as well as lineal and collateral relatives, running out to the fourth degree of consanguinity.
It follows that the executors of the will of Paul Lugowski are not entitled to the fund if any relative coming within the terms of the statute survived him. Even though the claimant Tom Lugowski should not prove himself to be the brother of Paul, there is nothing before the Court to show that no surviving person would fall within the broad terms of the statute and by-laws, so that there is no ground on which the money could be awarded to such executors.
Tom Lugowski, supported by two witnesses, one of whom claims to be a cousin, testified affirmatively that Paul and Tom were brothers. There appears to be no good reason for rejecting or refusing to give credit to this testimony, and, while the identification of Paul as the brother who left Tom in Ohio many years ago is not as definite as might be desired, it is sufficiently weighty to satisfy the legal rule regarding the burden of proof. Accordingly, it is found that Paul Lugowski *Page 113 
was survived by his brother, Tom Lugowski of Youngstown, Ohio.
This result works a hardship on the other claimants who honestly cared for Paul during his life and who obeyed his wishes regarding his funeral arrangements. These charitable people must suffer a hardship while Tom Lugowski, who paid no attention to the needs of his brother over many years, will now reap the benefit of insurance paid for by Mr. and Mrs. Dajda. Nevertheless, this Court has no discretion but must follow the law enacted by the Legislature.
The claim of constructive fraud made by Mr. and Mrs. Dajda cannot be upheld.
 Judgment may be entered awarding the balance of the fund now on hand to the defendant, Tom Lugowski; and judgment may be entered accordingly, without costs.